**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY MACK on behalf of herself and others similarly situated, | ) ) | 1:11-cv-9008 |
| Plaintiffs, | ) ) | Judge Kim (by consent) |
| v. | ) ) | |
| GENERAL MOTORS FINANCIAL COMPANY, INC. f/k/A AMERICREDIT CORP., | ) ) | JURY DEMANDED |
| Defendant. | ) | |

<u>PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff respectfully requests that this Court enter an order compelling defendant to properly respond to discovery in this case, ruling that defendant has waived all of its general objections, including privilege, for failure to make them with specificity and for failure to produce a privilege log. In support of this motion, plaintiff states:

The TCPA prohibits creditors from making debt collection calls to cell phones using an "automatic telephone dialing system" and/or using an "artificial or prerecorded voice message." *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012); Griffith v. Consumer Portfolio Serv., Inc., 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011). An affirmative defense exists if the defendant can prove that it had the "prior express consent" of the person it called. *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 761 (N.D.Ill. 2011); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681, at *2 (N.D.Ill. Aug. 21, 2011) (summary judgment for plaintiff as to consent) (appeal pending).

Defendant General Motors Financial Company, formerly known as Americredit Corp. ("Americredit"), is company that services automobile loans. In servicing those loans, it uses at

least two types of autodialers to make debt collection calls: a San Francisco company called Livevox, Inc., and a mysterious company/equipment identified by Americredit only as "EPRO," despite interrogatories asking directly for more information.

Americredit called plaintiff's cellular telephone number approximately forty times; approximately three of which were placed after Americredit received plaintiff's cease and desist letter; a communication it claims not to have received at all.

Like many other members of the class, plaintiff has no relationship with Americredit at all. It appears that plaintiff's cellular number may have originally belonged to a customer of Americredit, and was disconnected; most likely due to the incessant robocalls. Discovery and other information strongly suggest that Americredit knew that the telephone number was a cellular telephone number, knew that it had been disconnected, but that Americredit disregarded these clues when the number became active again, and resumed calling.

For several of the telephone calls to plaintiff's telephone number, Americredit had its dialer companies play the following prerecorded message:

> **Hello. This is a message from AmeriCredit Financial Services Inc. Please contact our offices at our Toll Free number 1-877-203-5539. Our hourse of operation are Monday, Tuesday, and Thursday 8am until 8pm, Wednesday and Friday from 8 until 5pm, and Saturday from 8 until 12pm Central Time. Again, our toll free number is 1-877-203-5539.**

Exhibit D at 10-11.

Plaintiff seeks to represent a class of persons whose Americredit called using same or similar equipment and/or prerecorded messages, and the telephone number for whom, like plaintiff, Americredit received from someone other than the called party.

The parties have met and conferred, and have reached an impasse regarding basic information about Americredit's practices, affirmative defense information and class information. For this reason, plaintiff requests that the Court issue an order compelling Americredit to provide transparent and complete responses.

## I.     The Parties Met and Conferred, and Have Reached an Impasse.

Plaintiff's counsel has satisfied his Fed.R.Civ.P. 37 and Local Rule 37.2 "meet and confer" duties.  Plaintiff issued her first discovery requests discovery on February 8, 2012. Exhibit A. Americredit responded initially on March 12, 2012, by agreement. Exhibit B. Plaintiff sent the letter attached as Exhibit C on March 16, 2012, asking for revised responses and additional documents and information, and asking that the "general objections" be modified so that each objection fairly respond to each request. Americredit responded in writing on April 2, 2012, Exhibit D.

The parties also held a protracted telephonic meet and confer on April 3, 2012, at approximately 2:00 pm central time to discuss the contents of Exhibit C. This telephonic meet and confer was attended by Alexander H. Burke for plaintiff, and Chad Fuller and Naomi Specter for Americredit. Each specific category, and request, in Exhibit C was discussed, and defense counsel committed to discuss the matters therein with defendant, and provide additional responses and information, if any, by April 9, 2012.

On April 13, 2012, a business week late, Americredit produced limited additional documents and interrogatory responses, and stood on its objections for most of the disputed materials, including the general objections. Exhibit E.

As is evident from the above, defendant has simply refused to provide some documents and information, and has also refused to provide straight-forward responses to several reasonable requests. Plaintiff's counsel therefore certifies pursuant to Local Rule 37.2 that he attempted to resolve the issues raised herein in good faith as described above, and was unable to do so. Plaintiff therefore moves to compel.

## II.    Discovery Standard Generally

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party....  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).

"[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties.  *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

"[T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ...

each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

Compelling production of materials sought promotes justice and quick resolution a matter. *Yancey v. Hooten*, 180 F.R.D. 203 (D.Conn. 1998) (compelling discovery in FDCPA case). *Lucas v. GC Services*, 226 F.R.D. 328 (N.D.Ind. 2004) (FDCPA 1692g action) (sister case lost merits on appeal) compelling all discovery requests as sanction. "The defendants do not get to determine unilaterally the scope and timing of discovery." *Lucas* at 331.

Compelling production of the materials plaintiff seeks herein will promote swift and just resolution of this case.

## III.    Discovery Sought and Why

### A.  Class Information and List, and Affirmative Defenses.

The first category of information plaintiff seeks is a class list and records of calls, or information that will lead to creation of such, along with an explanation of where it is coming from in its twenty-three affirmative defenses, including prior express consent. See Americredit's Answer, Docket Item 18,  at pp. 9 through 13, filed February 24, 2012.

**Int 4.   Identify each telephone call to each of the following set of persons:**

**Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you obtained the telephone number called from some source other than the called party, where any call happened on or after December 20, 2007.[1]**

---

[1] Several discovery requests had instructions that have been omitted from the quotations herein. For example, interrogatories 4 and 5 included the following:

    Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing. For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the

**Int 5.   Identify each telephone call to each of the following set of persons:**

> **Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you made at least one such call after you had been notified that you were calling the wrong person, or had received a demand to stop calling, where any call happened on or after December 20, 2007.**

**Int 6.   For each of the persons responsive to interrogatories 4 and 5, identify all facts and circumstances, including the source, whereby you obtained the telephone number called.**

**Int 7.   For each of the persons responsive to interrogatories 4 and 5, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person. Cite to bates numbers.**

**Int 8.   Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiffs.**

**Int 9.   Explain the application of law to fact, as to your response to 7 and 8, for each person.**

**Doc. 2. All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, for each class member including plaintiff.**

**Doc. 3. All documents, data and other things relating to any person responsive to interrogatories 4 and 5, including but not limited to identifying data, call records, artificial or prerecorded voice used and materials related to prior express consent.**

Americredit initially responded that it is unable to compile the requested information, and that

it would not produce such even if it could. Americredit appears to be taking the position that

---

person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software, for example in tab delimited text files organized by account number.

because it claims not to have received plaintiff's cease and desist, plaintiff is "different" from everyone else it called using its dialers; even those persons who it knows did not provide consent.

During the April 3, 2012, meet and confer telephone call, Alexander Burke, counsel for plaintiff, explained that there are several categories of persons who fit within the class definition, the records of which should be subject to a simple computer query. These persons include:

- Persons, such as plaintiff, who notified Americredit that it was calling the wrong number;

- Persons such as plaintiff who demanded that Americredit stop calling, but it did not do so;

- Persons whose telephone numbers Americredit received from third party sources such as credit reports, skip traces, the internet, caller ID, the phone book or other similar source.

Instead of substantively responding to this request, Americredit ignored it, and stood on its objection that class discovery is improper.

Moreover, Americredit refused to provide any information about where it obtains telephone numbers it calls, pursuant to interrogatory 2 and  document request 5, which ask for this information directly:

**Int 2. Identify all sources from which you may obtain telephone numbers that may become associated with any particular account, and any policy, practice or procedure relating to such. Some likely examples may be: directly from the consumer, kip trace, incoming call ANI, cross-referencing with other accounts of the same consumer or accounts with same address).**

**Req 5. All documents that show policies, practices or procedures for obtaining telephone numbers to contact allegedly delinquent customers.**

Instead of providing thoughtful reasons why it should not have to respond to these requests, Americredit instead unilaterally decided that it did not have to do so. Instead, defendant claimed it did not understand the requests,[2] and then answered for plaintiff, only.[3]

Every court to have considered the class list and consent issues in TCPA cases has agreed with plaintiff. This makes sense: after all, these are Americredit's affirmative defenses, and defendant ostensibly had some good faith factual basis for each of the affirmative defenses, including consent. *Donnelly v. NCO Fin. Sys, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009), defendant's Fed.R.Civ.P. 72 objections overruled by, Donnelly v. NCO Fin. Sys.Inc., 09 C 2264, 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) (Guzman, J.) ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December 16, 2008 Order and directs NCO to comply fully with it or face sanctions that may include striking its defenses."); *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *5, (N.D.Ill. June 13, 2011) (St. Eve, J); "If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place." *Balbarin v. North Star Capital Acquisition, LLC*, 2010 U.S. Dist. LEXIS 118992 * 3 (N.D. Ill. Nov. 9, 2010); see also appendix of transcripts on discovery motions dealing with nearly identical issues: *Fike v. The Bureaus, Inc.*, 1:09-cv-2558, transcript of proceedings before Judge Keys at 16-23 (Nov. 11,

---

[2] Plaintiff explained the request in both Exhibit C, and on the telephone on April 3, 2012, so that there could be no confusion.

[3] Incidentally, a straightforward response to this interrogatory could provide a roadmap for categories of class members in response to interrogatories 4 through 9, which ask for similar information. Plaintiff suggested this during the April 3, 2012, call, and provided some outside-the-box suggestions about how the parties could work out their differences as to the class list and consent. Defendant was apparently not interested, and instead stood on its objections.

2009) <u>Appendix 1</u>; *Martin v. CCH, Inc.*, 10-cv- 3494 (N.D.Ill.) transcript of proceedings before

Judge Ashman at 21-24 (Dec. 7, 2010) <u>Appendix 2</u>; *Mack v. MRS & Assoc.*, 1:10-cv-4244,

transcript of proceedings before Magistrate Judge Keys (Feb. 25, 2011) <u>Appendix 3</u>; Fed.R.Civ.P.

72 objections overruled *in toto* transcript of proceedings before Judge Hibbler at 16-17 (March

15, 2011) <u>Appendix 4</u>.

As six judges in this District have found, a class TCPA defendant like Americredit

cannot permissibly hide behind discovery obfuscation to avoid providing a class list or

explanations of its affirmative defenses, and plaintiff is not aware of a single decision

otherwise. This makes sense on the most fundamental level: Fed.R.Civ.P. 26(b)(1)

expressly provides that information regarding a party's "defense" is discoverable:

> unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or <u>defense</u> -- including the existence, description, nature,
> custody, condition, and location of any documents or other tangible things and
> the identity and location of persons who know of any discoverable matter.
> [Fed.R.Civ.P. 26(b)(1); Emphasis added.]

Furthermore, it is well-established that a plaintiff may take discovery on class

certification issues, including the class list, before a class has been certified. 2003

Advisory committee note to Fed.R.Civ.P. 23(c)(1)(A); *Eggleston v. Chicago Journeymen

Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981); accord, *Sirota v. Solitron

Devices, Inc.*, 673 F.2d 566, 571-72 (2d Cir. 1982); *Dillon v. Bay City Construction Co., Inc.*,

512 F.2d at 804 (4th Cir. 1979); *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d

149, 150 (5th Cir. 1977), *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 214

(N.D.Ill. 2002) (FDCPA Case); *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 341(

N.D.Ill. 2001) (FDCPA case); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636-637 (S.D. Ohio

1981); *National Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980); also see *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

Typically, such as in an FDCPA case, providing the number of class members might be sufficient at this point in the litigation. However, in this case plaintiff needs more. Americredit is expected to argue that the mere *possibility* that some class members may have consented to receive calls precludes certification. In other words, Americredit is trying to use its non-responsiveness as a sword and a shield: "I'm not giving you this information, and your failure to get it defeats certification.

Plaintiff believes that the response for each class member will look a lot like the response Americredit provided for plaintiff: we have no evidence of consent. Indeed, the class is defined in such a way that no class member could possibly have consented, because no class member provided her cellular telephone number to Americredit. Judge Keys put it this way:

> THE COURT: It is one of those things that you either put up or you shut up. If you can't prove [prior express consent], you know, that is problematic for you."
>
> [DEFENSE COUNSEL]: Uh-huh.
>
> THE COURT: Okay? And I would guess that somewhere along the line eventually you are going to find that some of these people consented. But that's on you. That's your burden. So I'm granting the motion to compel in its entirety. …

These comments apply equally to this case. The Court should grant plaintiff's motion to compel in its entirety.

## B. Information Regarding Americredit's Dialers

Plaintiff issued several requests aimed at learning more about Americredit's dialers.

**Int 3. Identify all of your dialers. Include the make, model, physical location, how they are used, and whether they were used to call either plaintiff's cellular telephone number or any number associated with them or [Shirley] Mack.**

**Int 10. Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each, including but not limited to honoring cease and desist demands and obtaining telephone numbers from sources other than consumers.**

After objecting on every imaginable ground, applicable or inapplicable including that information about its dialers in this TCPA case is not discoverable or relevant, Americredit responded to interrogatories 3 and 4 promising to produce documents. It has not done so, and has not supplemented its response.

Similarly, Americredit stonewalled as to persons involved with its dialers:

**Int 11. Identify all persons (including any third party) and departments involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages.**

In response to interrogatory 11, Americredit provided the names and titles of three individuals, and the name of one of its dialer companies, Livevox. This is the only disclosure of any dialer company Americredit provided before April 2012. Livevox was not provided in response to interrogatory 3, and the company "EPRO" still has not been identified in detail sufficient for plaintiff to figure out what it is. An extensive internet search by plaintiff's counsel revealed only a company in Hong Kong, China, called EPRO Telecom. That company has no apparent presence in the United States, and has a Hong Kong website: www.eprodial.com.hk. Regardless of whether this is the correct dialer company, it is apparent that Americredit is hiding the ball. Under the circumstances, it is hard to see how the lack of responses could have been made in good faith.

## C.  **Materials Related to Willfulness.**

Plaintiff has alleged that Americredit's violations were willful or knowing, pursuant to the TCPA, 47 U.S.C. §227(b)(3). Thus, she issued requests aimed at learning whether defendant has been placed on notice that its dialers may violate the TCPA. Those requests include:

> **Req 8. A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers. A full response would include, for example, deposition testimony, declarations and affidavits.**
>
> **Req 9. A copy of any complaint (formal or informal), all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.**

Americredit originally responded to document request 9, stating that it was "not aware of any documents responsive to this Request in its custody, possession, or control." Exhibit B at 17. Suspicious, plaintiff did a PACER search for federal cases against Americredit, and learned that a nationwide class action had been filed in the Southern District of California on December 29, 2011, case no 3:11-cv-03041, and that defense counsel in this case, Chad Fuller, filed his appearance in that case for Americredit on February 6, 2012: eight weeks before responding to these discovery requests. Americredit revealed this information for the first time to plaintiff on April 2, 2012.

Requests 8 and 9 contain the same equivocal, and apparently false, custody, possession or control objection, and it is apparent that Americredit is playing games. Plaintiff requests that the Court order full responses to all requests, including document requests 8 and 9, without regard to objection.

> **Req 10. All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.**

**Req 11. All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.**

Americredit has openly refused to produce this information, holding fast to its objection that such requests are not reasonably calculated to lead to discovery of admissible evidence and its usual slew of boilerplate objections. Judge Nolan had occasion to consider this precise issue in *Donnelly v. NCO Financial Sys., Inc.*, 263 F.R.D. 500, 504-505 (N.D.Ill. 2009), and compelled a debt collection agency class TCPA defendant to produce all documents responsive to a document request substantively identical to requests 10 and 11. The Donnelly court ordered production of all such materials over defendant's attorney-client privilege objection because defendant had not produced a privilege log. The Court should do the same here. Indeed, like the defendant in Donnelly, Americredit has failed to produce a privilege log at all, despite that plaintiff requested such. Exhibit F. Furthermore, the only reference to privilege in the responses is boilerplate and general, and are not reasonably tailored to the requests at all. All of this on top of the fact that no log has been produced support plaintiff's position that privilege has been waived. The Court should so rule.

## D.  Other Request.

Plaintiff issued a request asking for organizational charts of personnel, so that she can understand how defendant is organized.:

**Req 12. All organizational charts of defendant showing personnel.**

Defendant stonewalled, and refused to provide any information, even when plaintiff offered to limit the request to persons whose jobs relate to use of dialers. If this

information exists, it is certainly relevant to this autodialer case, and would not be burdensome for Americredit to produce the limited response.

# IV.    Americredit's General Objections Are Ineffective.

Parties are required to consider each request separately and thoughtfully make objections that are tailored to each request. The result of failing to make objections in this manner is waiver. *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 306-07 (N.D.Ill. 1997); *Anglin v. Village of Washington Park*, 2006 WL 1308579, at *1 (S.D.Ill. May 10, 2006); *Sjoblom v. Charter Communications, LLC*, 2008 WL 4276928, at * 3 (W.D.Wis. Jan. 04, 2008).

Plaintiff raised this issue with Americredit and asked for true, thoughtful objections. Americredit refused, instead arguing that each of the forty-four general objections actually applies to each of the discovery requests. Exhibit D at 1.

This assertion is simply not true. For example, objection number 15, which complains that the discovery requests are aimed at learning the identities of the class members does not apply to document request 1 or interrogatory 1. Similarly, objection number 13, which states that Americredit does not understand plaintiff's discovery requests to seek anything that could possibly be privileged is at odds with Exhibit E, and with the discovery requests themselves, which ask for a timely privilege log. Exhibit A at 1.

These are mere examples of the problem. The federal rules do not allow for general objections, and Americredit is not entitled to an exception. That is particularly

true here, where it has knowingly decided to stand its ground in light of plaintiff's counsel's meet and confer warning that she will seek an order of waiver. <u>Exhibit C</u> at 1.

Thus, plaintiff requests that the Court enter an order deeming all forty-four of Americredit's "general objections" as ineffective, and requiring Americredit to produce all materials withheld based upon those objections.

**CONCLUSION**

For the reasons herein, plaintiff requests that the Court enter an order compelling Americredit to respond properly and in a straightforward way to her discovery requests, without regard to privilege and without regard to general objections.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY MACK on behalf of herself and | ) | |
| others similarly situated, | ) | 1:11-cv-9008 |
|     Plaintiffs, | ) | |
| | ) | Judge Kim (by consent) |
|        v. | ) | |
| | ) | |
| GENERAL MOTORS FINANCIAL COMPANY, | ) | JURY DEMANDED |
| INC. f/k/A AMERICREDIT CORP., | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT**

Plaintiff Shirley Mack ("plaintiff") hereby requests that defendant General Motors

Financial Company, Inc. f/k/a Americredit Corp. ("you," "GMF" or "Defendant") respond to the

following requests for admissions, interrogatories, and document requests. Documents should

be copied and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1.　　Unless otherwise specified in a particular paragraph, the time period covered by

this request is January 1, 2006 to present.

2.　　If you are declining to produce any document or respond to any paragraph in

whole or in part because of a claim of privilege, please: (a) identify the subject matter, type

(e.g., letter, memorandum), date, and author of the privileged communication or information,

all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to

whom the contents of each such communication or item of information have heretofore been

disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon

which the privilege is claimed.

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all predecessor, parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      "Predictive Dialer" as used herein means a telephone system that dials telephone numbers without human intervention.  "Automated Message" means any message during a telephone call that was (a) partially or completely recorded before the call was made, and (b) automatically relayed during a telephone call, without regard to whether such was performed to a live person, or on a  person's voice mail.

7.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible,

explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      You have called 773-█0323 at least once between and including 2009 through present.

2.      You sent at least one text message to 773-█0323 during 2011.

3.      You used a predictive dialer to call 773-█0323 at least ten times in 2011.

4.      You have never had Shirley Mack's consent to be called at 773-█0323.

5.      Shirley Mack did not provide you 773-█0323, as to the account you were attempting to collect when you called that number.

6.      Plaintiff is not a customer of yours.

7.      Plaintiff has never been a customer of yours.

8.      Your predictive dialers constitute "automatic telephone dialing systems" within the meaning of the January 4, 2008, FCC order regarding the TCPA.

9.      There are more than 1,000 persons that fall within the following criteria:

Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer who notified defendant that it was calling a person with whom defendant did not have a relationship, where any call happened on or after December 20, 2007.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

10.     There are more than 1,000 persons that fall within the following criteria:

Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer who notified defendant that it was calling a person with whom defendant did not have a relationship, where defendant made at least one call after it had received notice that it was calling the wrong person, where any such call happened on or after December 20, 2007.

**INTERROGATORIES**

1.     Identify all attempted and successful communications (including telephone calls) to and from any telephone number called with reference to any account associated with 773-▇0323.  Include the number called, the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live),  all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used, if any and from where the telephone number was obtained.

2.     Identify all sources from which you may obtain telephone numbers that may become associated with any particular account, and any policy, practice or procedure relating to such. Some likely examples may be: directly from the consumer, skip trace, incoming call ANI, cross-referencing with other accounts of the same consumer or accounts with same address).

3. Identify all of your dialers. Include the make, model, physical location, how they are used, and whether they were used to call either plaintiff's cellular telephone number or any number associated with them or Julie Mack.

4. Identify each telephone call to each of the following set of persons:

Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you obtained the telephone number called from some source other than the called party, where any call happened on or after December 20, 2007.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software, for example in tab delimited text files organized by account number.

5. Identify each telephone call to each of the following set of persons:

Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you made at least one such call after you had been notified that you were calling the wrong person, or had received a demand to stop calling, where any call happened on or after December 20, 2007.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software or Microsoft Access, for example in tab delimited text files organized by telephone number. Please meet and confer with the undersigned to determine the most efficient way of

6. For each of the persons responsive to interrogatories 4 and 5, identify all facts and circumstances, including the source, whereby you obtained the telephone number called.

7. For each of the persons responsive to interrogatories 4 and 5, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person. Cite to bates numbers.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

8.      Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiffs.

9.      Explain the application of law to fact, as to your response to 7 and 8, for each person.

10.     Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each, including but not limited to honoring cease and desist demands and obtaining telephone numbers from sources other than consumers.   Please cite to bates numbers, include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented and ceased, all persons involved in its consideration, implementation and, if applicable, termination.   Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests.   If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.

11.     Identify all persons (including any third party) and departments involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages.   A complete response would include, for example, your communications manager, dialer specialists, any supplier of Dialer software or hardware (e.g. Qwest or Aspect), any person that makes or made calls on your behalf during the class period (i.e. Soundbite or Livevox), your phone company, and any person that supplied voice message services. Include the name, work location, job title, job description and describe all Electronically Stored Information concerning that person, as to dialers and recorded messages, that exists.

12.     Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiffs and the class members. Include at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.

13.     With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce:

1.     All documents, records, data, recordings and other materials relating to plaintiff or 773-███-0323, or which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

2.     All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, for each class member including plaintiff.

3.    All documents, data and other things relating to any person responsive to interrogatories 4 and 5, including but not limited to identifying data, call records, artificial or prerecorded voice used and materials related to prior express consent.

4.    All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

5.    All documents that show policies, practices or procedures for obtaining telephone numbers to contact allegedly delinquent customers.

6.    All documents that show policies, practices or procedures for associating telephone numbers with allegedly delinquent customers.

7.    All documents that relate to any policies, practices or procedures regarding requests that telephone calls cease, or notifications that you are calling the wrong person.

8.    A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers. A full response would include, for example, deposition testimony, declarations and affidavits.

9.    A copy of any complaint (formal or informal), all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.

10.    All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.

11.    All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

12.    All organizational charts of defendant showing personnel.

13.     All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

14.     All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling telephone numbers of persons who did not consent, or revoked consent, to be called on their cellular telephones.

15.     All documents that relate to this case, including document from third parties without regard to time.   Responsive materials would include, for example, responses to subpoenas.

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**Exhibit A**

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, ref1ects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**CERTIFICATE OF SERVICE**

I, Alexander H. Burke, certify that on February 8, 2012, I served this document via United States mail and email to defendant at:

Chad Fuller
Goodwin Procter, LLP
4365 Executive Drive, 3rd Floor
San Diego, CA 92121
CFuller@goodwinprocter.com

And by email to local counsel Howard Teplinsky at hteplinsky@beermannlaw.com

/s/Alexander H. Burke

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHIRLEY MACK on behalf of herself and others similarly situated, | ) ) ) | Civil Action No. 1:11-cv-9008 |
| Plaintiffs, | ) ) ) | **DEFENDANT GENERAL MOTORS FINANCIAL COMPANY, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES [SET ONE]** |
| v. | ) ) | |
| GENERAL MOTORS FINANCIAL COMPANY, INC. f/k/a AMERICREDIT CORP., | ) ) ) | Judge Kim (by consent) |
| Defendant. | ) ) | JURY DEMANDED |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant General

Motors Financial Company, Inc., formerly known as AmeriCredit Corp. ("AmeriCredit"), hereby

objects and responds to the interrogatories numbered 1 through 13 ("Interrogatories") contained

in Plaintiff's First Discovery Requests to Defendant propounded by Plaintiff Shirley Mack

("Plaintiff").

**GENERAL OBJECTIONS**

1.      These General Objections are collected in one place in this response for

convenience only, so that objections that are generally applicable or that arise repeatedly are not

presented *ad nauseam*.  These General Objections should be interpreted as appearing in the

response to each Interrogatory.

2.      These responses are made solely for the purpose of this action.  Each response is

without waiver or limitation of AmeriCredit's right to object on grounds of competency,

relevance, materiality, propriety, privilege, or admissibility for any purpose, and on any other

grounds, to the use of any documents or information in any subsequent proceeding in, or the trial

of, this or any other action.

3.     AmeriCredit objects to each Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.     AmeriCredit objects to each Interrogatory as improper under Fed. R. Civ. P. 26 to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit.

5.     AmeriCredit objects to each Interrogatory as improper, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding persons other than Plaintiff.

6.     AmeriCredit objects to each Interrogatory to the extent that it seeks information concerning matters or issues that are beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims and/or the requirements for class certification on the grounds that such discovery is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.     AmeriCredit objects to each Interrogatory as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information concerning matters or issues that are beyond the scope of (a) the allegations of the Complaint relating to Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class certification.

8.     AmeriCredit objects to each Interrogatory to the extent that it seeks information containing confidential, personal information concerning members of the putative class (other than Plaintiff) and/or persons whom AmeriCredit has contacted.  AmeriCredit will only agree to

2

produce such information, if relevant, following entry of an appropriate protective order and if otherwise ordered or permitted by applicable law.

9.       AmeriCredit objects to each Interrogatory as overly broad, unduly burdensome, and premature to the extent that it purports to require AmeriCredit to search and/or provide information from voluminous records and files pertaining to individuals other than Plaintiff because no class has been certified in this action.

10.      AmeriCredit objects to each Interrogatory to the extent that it seeks to impose on AmeriCredit the obligations and costs associated with identification of potentially affected persons where such burden properly rests on Plaintiff. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 349-50 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974). AmeriCredit hereby reserves all objections relating to the alleged class, members of the alleged class or class identification, and/or documents or information unrelated to Plaintiff's individual claims.

11.      AmeriCredit objects to each Interrogatory to the extent that it requests the disclosure of information which is in the possession, custody, or control of Plaintiff, which is equally available to Plaintiff as to AmeriCredit, which is available from sources that are more convenient, less burdensome, or less expensive, or which is otherwise in the public domain.

12.      AmeriCredit objects to each Interrogatory insofar as it requests that AmeriCredit respond on behalf of any entity or person other than AmeriCredit, or any entity or person over which AmeriCredit has no control, and to the extent that it seeks information from or with respect to entities or persons, including AmeriCredit, which is not within the possession, custody, or control of AmeriCredit.

13.     AmeriCredit objects to each Interrogatory to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. Information covered by such privileges is not subject to disclosure. Plaintiff's discovery will not be construed to seek such documents and information. Inadvertent disclosure of privileged documents or information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar reason for non-disclosure.

14.     AmeriCredit objects to each Interrogatory to the extent it seeks information which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. **AmeriCredit will only produce commercially sensitive, confidential, proprietary and/or trade secret information pursuant to the terms of a Protective Order.**

15.     AmeriCredit objects to each Interrogatory as improper to the extent it is imposed for the purpose of identifying current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit.

16.     AmeriCredit objects to each Interrogatory to the extent the terms and/or phrases used therein are vague, ambiguous, undefined, or otherwise fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Interrogatories.

17.     AmeriCredit objects to each Interrogatory to the extent that it seeks information concerning transactions and/or events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

18.     AmeriCredit objects to each Interrogatory to the extent it fails to describe the information sought with reasonable particularity, and/or is indefinite as to time or scope, and/or

4

seeks information that is not relevant to the individual claims or defenses of the parties in this matter.

19.     AmeriCredit objects to each Interrogatory to the extent it calls for AmeriCredit to furnish information which arose after the filing date of the Complaint or it fails to specify a relevant time period.

20.     AmeriCredit objects to each Interrogatory to the extent it requires AmeriCredit to make an unreasonable investigation at substantial and unnecessary cost.

21.     AmeriCredit objects to each Interrogatory to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22.     AmeriCredit objects to each Interrogatory to the extent that it seeks to require AmeriCredit to search and/or restore electronically archived data, including, but not limited to, databases and electronic mail, on the grounds that such discovery is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

23.     AmeriCredit objects to each Interrogatory as overly broad and unduly burdensome to the extent it purports to require AmeriCredit to summarize, describe, or otherwise characterize documents being produced in response to Plaintiff's requests for production of documents.  Such documents speak for themselves, and are the best evidence of their contents.

24.     AmeriCredit objects to each Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to require AmeriCredit to provide information from third parties.

5

25.     AmeriCredit objects to the instructions and definitions contained in Plaintiff's First Discovery Requests to Defendant and Exhibit A thereto to the extent they are inconsistent with and/or purport to require any act not mandated by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

26.     AmeriCredit objects to Plaintiff's attempt to seek discovery from entities other than AmeriCredit. AmeriCredit's responses are based only upon information and documents in AmeriCredit's custody, possession, or control.

27.     AmeriCredit objects to Plaintiff's definition of the term "Predictive Dialer" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and this definition therefore encompasses devices that were not used to call Plaintiff.

28.     AmeriCredit objects to Plaintiff's definition of the term "Automated Message" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

29.     AmeriCredit objects to definition of the term "document" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

30.     AmeriCredit objects to the definition of the term "you" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6

31.     AmeriCredit objects to the definition of the terms "you" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production.  Information covered by such privileges is not subject to disclosure.

32.     AmeriCredit objects to the definition of the term "person" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

33.     AmeriCredit objects to Plaintiff's definition of the terms "identify" and "identification" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

34.     AmeriCredit objects to the definition of the term "communication" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

35.     AmeriCredit objects to the definition of the term "reflects" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

36.     AmeriCredit objects to each Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules

of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

37.     AmeriCredit objects to each Interrogatory to the extent it seeks information prematurely, before AmeriCredit has had the opportunity to investigate Plaintiff's claims fully. Such information may be provided only at an appropriate time.

38.     AmeriCredit objects to each Interrogatory to the extent that such request seeks the disclosure at the present time of the identity of experts or other persons whom AmeriCredit has retained or will retain as medical or scientific consultants in connection with this litigation, whether for testimonial or advisory purposes, or of the substance of such persons' opinions and/or work product or work-in-progress including ongoing research, including but not limited to draft protocols, lab notes, preliminary analyses and preliminary drafts of reports, as such disclosure at this time is premature and/or outside of the scope of information which is discoverable under Fed. R. Civ. P. 26, is not mandated by applicable law, and further is unduly burdensome to AmeriCredit and its expert witnesses, and is neither relevant nor calculated to lead to the discovery of admissible evidence.

39.     A specific reference to a particular General Objection in the response to any of the following Interrogatories is not intended to exclude the application of other General Objections to that response or of the General Objections to other responses. To the extent that AmeriCredit answers an Interrogatory to which it objects, such objections are not waived by the furnishing of information or documents.

40.     By objecting or responding to these Interrogatories, AmeriCredit does not concede the relevancy or materiality of any Interrogatory, the response to any Interrogatory, or the subject matter thereof. AmeriCredit's responses are made expressly subject to, and without

8

waiver of, any objections as to competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose in any proceeding.

41.     AmeriCredit reserves the right to supplement and amend these responses when and if it becomes necessary.

42.     AmeriCredit reserves the right to introduce at trial additional information that may be obtained during future discovery or investigation.

43.     AmeriCredit hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of this action, discovery, and/or responding to discovery.

44.     Each of these General Objections is incorporated into AmeriCredit's responses to the individual Interrogatories, as though fully set forth therein. AmeriCredit will not respond to, or produce documents responsive to, the Interrogatories to the extent to which these objections are applicable.

## RESPONSES AND SPECIFIC OBJECTIONS

**Interrogatory No. 1: Identify all attempted and successful communications (including telephone calls) to and from any telephone number called with reference to any account associated with 773-■■■-0323. Include the number called, the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live), all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used, if any and from where the telephone number was obtained.**

**Response to Interrogatory No. 1:**

        In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) regarding persons other than Plaintiff; (2) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; and (3) containing confidential, personal information concerning persons other than Plaintiff.

9

AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "Predictive Dialers" as defined in Plaintiff's Requests for Discovery to Defendant. AmeriCredit further objects to this Interrogatory to the extent that it purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory because the terms "successful," "equipment," "systems," and "Prerecorded Voice" are not defined, and are otherwise vague and ambiguous. AmeriCredit further objects to this interrogatory as improperly compound in that it contains multiple separate requests.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the collection notes, call records, and documents relating to the equipment used to place calls to 773-█████0323, which will be produced pursuant to the terms of a mutually agreeable protective order. Further responding, AmeriCredit states that it obtained the telephone number 773-█████0323 from the credit application of an AmeriCredit customer. AmeriCredit further states that any message from AmeriCredit that Plaintiff may have heard stated substantially as follows: "Hello. This is a message from AmeriCredit Financial Services Inc. Please contact our offices at our Toll Free number 1-877-203-5539. Our hours of operation are Monday, Tuesday, and Thursday 8am until 8pm, Wednesday and Friday from 8 until 5pm, and Saturday from 8 until 12pm Central Time. Again, our toll free number is 1-877-203-5539."

**Interrogatory No. 2:** **Identify all sources from which you may obtain telephone numbers that may become associated with any particular account, and any policy, practice or procedure relating to such. Some likely examples may be: directly from the consumer, skip trace, incoming call ANI, cross-referencing with other accounts of the same consumer or accounts with same address).**

**Response to Interrogatory No. 2:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the term "become associated with any particular account" is not defined, and is otherwise vague and ambiguous.

Subject to and without waiving these objections and all General Objections, AmeriCredit states that it obtained the telephone number 773-███-0323 from the credit application of an AmeriCredit customer.

**Interrogatory No. 3: Identify all of your dialers. Include the make, model, physical location, how they are used, and whether they were used to call either plaintiff's cellular telephone number or any number associated with them or Julie Mack.**

**Response to Interrogatory No. 3:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the term "dialers" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because information about "Julie Mack" is not relevant to this action. For purposes of its response to this Interrogatory, AmeriCredit construes "Julie Mack" to mean Plaintiff Shirley Mack.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents relating to the equipment used to place calls to 773-███-0323, which will be produced pursuant to the terms of a mutually agreeable protective order.

**Interrogatory No. 4:** Identify each telephone call to each of the following set of persons:

Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you obtained the telephone number called from some source other than the called party, where any call happened on or after December 20, 2007.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software, for example in tab delimited text files organized by account number.

**Response to Interrogatory No. 4:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit further objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "predictive dialers" as defined in Plaintiff's Requests for Discovery to Defendant. AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence

13

because it purports to require AmeriCredit to undertake a burdensome and costly review of every phone call made by AmeriCredit to telephone numbers with area codes from three states since December 20, 2007, without limitation. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to the definition of the term "identify" as impermissibly containing multiple additional subparts. AmeriCredit further objects to this Interrogatory to the extent that it purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, AmeriCredit states that it will provide no information responsive to this Interrogatory.

**Interrogatory No. 5:** Identify each telephone call to each of the following set of persons:

Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you made at least one such call after you had been notified that you were calling the wrong person, or had received a demand to stop calling, where any call happened on or after December 20, 2007.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software or Microsoft Access, for example in tab delimited text files organized by telephone number. Please meet and confer with the undersigned to determine the most efficient way of [*sic*]

**Response to Interrogatory No. 5:**

See Response to Interrogatory No. 4.


**Interrogatory No. 6:** For each of the persons responsive to interrogatories 4 and 5, identify all facts and circumstances, including the source, whereby you obtained the telephone number called.

**Response to Interrogatory No. 6:**

See Response to Interrogatory No. 4.


**Interrogatory No. 7:** For each of the persons responsive to interrogatories 4 and 5, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person. Cite to bates numbers.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

**Response to Interrogatory No. 7:**

See Response to Interrogatory No. 4.

**Interrogatory No. 8: Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiffs.**

**Response to Interrogatory No. 8:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it purports to require AmeriCredit to undertake a burdensome and costly review of every phone call made by AmeriCredit to telephone numbers with area codes from three states since December 20, 2007, without limitation. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory to the extent that it purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit further objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents which will be produced

16

pursuant to the terms of a mutually agreeable protective order. AmeriCredit further states that it will provide no information about the putative class in response to this Interrogatory.

**Interrogatory No. 9: Explain the application of law to fact, as to your response to 7 and 8, for each person.**

**Response to Interrogatory No. 9:**

See Responses to Interrogatories No. 4 and 8.

**Interrogatory No. 10: Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each, including but not limited to honoring cease and desist demands and obtaining telephone numbers from sources other than consumers. Please cite to bates numbers, include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented and ceased, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests. If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.**

**Response to Interrogatory No. 10:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the terms "policies, practices and

17

procedures" and "automatic dialing systems" are not defined, and are otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. AmeriCredit further objects to this Interrogatory because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit. AmeriCredit also objects to this Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the policy documents which will be produced pursuant to the terms of a mutually agreeable protective order

**Interrogatory No. 11: Identify all persons (including any third party) and departments involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages. A complete response would include, for example, your communications manager, dialer specialists, any supplier of Dialer software or hardware (e.g. Qwest or Aspect), any person that makes or made calls on your behalf during the class period (i.e. Soundbite or Livevox), your phone company, and any person that supplied voice message services. Include the name, work location, job title, job description and describe all Electronically Stored Information concerning that person, as to dialers and recorded messages, that exists.**

**Response to Interrogatory No. 11:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope

of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which is

confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected

commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit

further objects to this Interrogatory because it fails to describe the information sought with

reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this

Interrogatory as improperly compound in that it contains multiple separate requests.

AmeriCredit further objects to this Interrogatory because the terms "Dialer," "communications

manager," "dialer specialists," and "voice message services" are not defined, and are otherwise

vague and ambiguous. AmeriCredit also objects to this Interrogatory as overbroad, unduly

burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence to the extent it would require AmeriCredit to search electronically stored data,

including but not limited to databases and electronic mail, without limitation. AmeriCredit

further objects to this Request to the extent it seeks information in the possession of any entity or

person over which AmeriCredit has no control. AmeriCredit also objects to this Interrogatory to

the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the

requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States

District Court for the Northern District of Illinois.

Subject to and without waiving these objections and all General Objections, AmeriCredit

identifies the following individuals:

Bob Beatty, SVP Corporate Servicing
Sue Macfarlane, AVP Dialer Operations III
Craig Paterson, VP Special Accounts

Further responding, AmeriCredit states that it lacks knowledge or information sufficient to

identify responsive persons at Livevox, which is a third party that is unrelated to AmeriCredit.

19

**Interrogatory No. 12:** **Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiffs and the class members. Include at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.**

**Response to Interrogatory No. 12:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the term "difficult to obtain categories" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory as overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, without limitation. AmeriCredit further objects to this

20

Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents which will be produced pursuant to the terms of a mutually agreeable protective order. AmeriCredit further states that it will provide no information about the putative class in response to this Interrogatory.

**Interrogatory No. 13: With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.**

**Response to Interrogatory No. 13:**

AmeriCredit objects to this Interrogatory as premature because it seeks information about the identity of experts or other persons whom AmeriCredit has retained or will retain in connection with this litigation, whether for testimonial or advisory purposes, and of the substance of such persons' opinions and/or work product or work-in-progress, including ongoing research, including but not limited to draft protocols, preliminary analyses and preliminary drafts of reports, as such disclosure at this time is premature and/or outside of the scope of information which is discoverable under Fed. R. Civ. P. 26, is not mandated by applicable law, and further is unduly burdensome to AmeriCredit and its expert witnesses, and is neither relevant nor calculated to lead to the discovery of admissible evidence. AmeriCredit further objects to this

Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

Subject to and without waiving these objections and all General Objections, AmeriCredit states that it will make all expert disclosures in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the Scheduling Order in this case.

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the responses to the interrogatories contained in Plaintiff's First Discovery Requests to Defendant are true and correct to the best of my knowledge and information.


Dated: March     , 2012          _____
                                   Craig Paterson, VP Special Accounts

Dated: March 12, 2012

By: _____

Chad R. Fuller
*cfuller@goodwinprocter.com*
Naomi B. Spector
*nspecter@goodwinprocter.com*
**GOODWIN PROCTER** LLP
4365 Executive Drive
San Diego, California  92121
Tel.:  858.202.2700
Fax:  858.457.1255

*Attorneys for General Motors Financial*
*Company, Inc., Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT GENERAL MOTORS FINANCIAL COMPANY, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES [SET ONE]** was served on March 12, 2012, by electronic mail and Federal Express, overnight delivery, upon counsel of record for Plaintiff, at the following address:

> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> Tel: (312) 729-5288
> Fax: (312) 729-5289

_____
Jeffrey D. Skinner

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHIRLEY MACK on behalf of herself and others similarly situated, | ) ) ) | Civil Action No. 1:11-cv-9008 |
| | ) | **DEFENDANT GENERAL MOTORS** |
| Plaintiffs, | ) | **FINANCIAL COMPANY, INC.'S** |
| | ) | **RESPONSE TO PLAINTIFF'S FIRST** |
| v. | ) | **REQUESTS FOR PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| GENERAL MOTORS FINANCIAL | ) | |
| COMPANY, INC. f/k/a AMERICREDIT | ) | Judge Kim {by consent} |
| CORP., | ) | |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant General

Motors Financial Company, Inc., formerly known as AmeriCredit Corp. ("AmeriCredit"), hereby

objects and responds to the requests for production of documents numbered one through fifteen

("Requests") contained in Plaintiff's First Discovery Requests to Defendant propounded by

Plaintiff Shirley Mack ("Plaintiff").

## GENERAL OBJECTIONS

1.      These General Objections are collected in one place in this response for

convenience only, so that objections that are generally applicable or that arise repeatedly are not

presented *ad nauseam*. These General Objections should be interpreted as appearing in the

response to each Request.

2.      These responses are made solely for the purpose of this action. Each response is

without waiver or limitation of AmeriCredit's right to object on grounds of competency,

relevance, materiality, propriety, privilege, or admissibility for any purpose, and on any other

grounds, to the use of any documents or information in any subsequent proceeding in, or the trial

of, this or any other action.

3. AmeriCredit objects to each Request as overly broad and unduly burdensome to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. AmeriCredit objects to each Request as improper under Fed. R. Civ. P. 26 to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit.

5. AmeriCredit objects to each Request as improper, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents regarding persons other than Plaintiff.

6. AmeriCredit objects to each Request to the extent that it seeks documents concerning matters or issues that are beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims and/or the requirements for class certification on the grounds that such discovery is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. AmeriCredit objects to each Request as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents concerning matters or issues that are beyond the scope of (a) the allegations of the Complaint relating to Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class certification.

8. AmeriCredit objects to each Request to the extent that it seeks documents containing confidential, personal information concerning members of the putative class (other than Plaintiff) and/or persons whom AmeriCredit has contacted. AmeriCredit will only agree to

- 2 -

produce such documents, if relevant, following entry of an appropriate protective order and if otherwise ordered or permitted by applicable law.

9.     AmeriCredit objects to each Request as overly broad, unduly burdensome, and premature to the extent that it purports to require AmeriCredit to search and/or provide information from voluminous records and files pertaining to individuals other than Plaintiff because no class has been certified in this action.

10.    AmeriCredit objects to each Request to the extent that it seeks to impose on AmeriCredit the obligations and costs associated with identification of potentially affected persons where such burden properly rests on Plaintiff. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 349-50 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974). AmeriCredit hereby reserves all objections relating to the alleged class, members of the alleged class or class identification, and/or documents or information unrelated to Plaintiff's individual claims.

11.    AmeriCredit objects to each Request to the extent that it requests the production of documents which are in the possession, custody, or control of Plaintiff; which are equally available to Plaintiff as to AmeriCredit; which are available from sources that are more convenient, less burdensome, or less expensive; or which are otherwise in the public domain.

12.    AmeriCredit objects to each Request insofar as it requests the production of documents in the possession, custody, or control of any entity or person other than AmeriCredit, or any entity or person over which AmeriCredit has no control.

13.    AmeriCredit objects to each Request to the extent that it expressly or impliedly seeks documents or information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or

reasons for non-production. Documents or information covered by such privileges are not subject to production. The Requests will not be construed to seek such documents or information. Inadvertent production of privileged documents is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar reason for non-disclosure.

14.     AmeriCredit objects to each Request to the extent it seeks documents or information which are confidential or proprietary in nature or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. **AmeriCredit will only produce commercially sensitive, confidential, proprietary and/or trade secret information and/or documentation pursuant to the terms of a Protective Order. AmeriCredit will not produce documents responsive to these Requests until such a Protective Order has been entered into by the parties to this case.**

15.     AmeriCredit objects to each Request as improper to the extent it is imposed for the purpose of identifying current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit.

16.     AmeriCredit objects to each Request to the extent the terms and/or phrases used therein are vague, ambiguous, undefined, or otherwise fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Requests.

17.     AmeriCredit objects to each Request to the extent that it seeks documents concerning transactions and/or events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

18.     AmeriCredit objects to each Request to the extent it fails to describe the documents sought with reasonable particularity, and/or is indefinite as to time or scope, and/or

seeks documents that are not relevant to the individual claims or defenses of the parties in this matter.

19.     AmeriCredit objects to each Request to the extent it calls for AmeriCredit to furnish documents containing information which arose after the filing date of the Complaint or it fails to specify a relevant time period.

20.     AmeriCredit objects to each Request to the extent it requires AmeriCredit to make an unreasonable investigation at substantial and unnecessary cost.

21.     AmeriCredit objects to each Request to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22.     AmeriCredit objects to each Request to the extent that it seeks to require AmeriCredit to search and/or restore electronically archived data, including, but not limited to, databases and electronic mail, on the grounds that such discovery is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

23.     AmeriCredit objects to each Request to the extent it unnecessarily seeks the production of "all" documents concerning a particular matter or issue. Instead, provided that the Request is not otherwise objectionable, AmeriCredit will produce documents sufficient to establish the information sought by the Request.

24.     AmeriCredit objects to each Request as overly broad and unduly burdensome to the extent it purports to require AmeriCredit to search for and/or to produce documents that are not different in any manner that is material to the claims in this case from other documents searched for and/or produced. AmeriCredit further objects to the production of those portions of

otherwise responsive documents that contain information that is not relevant to the claims made in this case, and AmeriCredit reserves the right to redact such portions, on the grounds that such discovery is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

25.    AmeriCredit objects to each Request to the extent it purports to require the production and/or compilation of documents, information, or data that is not already in existence.

26.    AmeriCredit objects to each Request to the extent that it purports to require AmeriCredit to generate documents, information, or data in a form other than the one in which they are ordinarily kept.

27.    AmeriCredit objects to the instructions and definitions contained in Plaintiff's First Discovery Requests to Defendant and Exhibit A thereto to the extent they are inconsistent with and/or purport to require any act not mandated by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

28.    AmeriCredit objects to Plaintiff's attempt to seek discovery from entities other than AmeriCredit. AmeriCredit's responses are based only upon information and documents in AmeriCredit's custody, possession, or control.

29.    AmeriCredit objects to Plaintiff's definition of the term "Predictive Dialer" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention.

30.    AmeriCredit objects to Plaintiff's definition of the term "Automated Message" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

31.     AmeriCredit objects to definition of the term "document" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

32.     AmeriCredit objects to the definition of the term "you" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

33.     AmeriCredit objects to the definition of the term "you" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent that it expressly or impliedly seeks documents or information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure.

34.     AmeriCredit objects to the definition of the term "person" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

35.     AmeriCredit objects to Plaintiff's definition of the terms "identify" and "identification" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent they are inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

36.     AmeriCredit objects to the definition of the term "communication" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

37.     AmeriCredit objects to the definition of the term "reflects" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

38.     AmeriCredit objects to each Request to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

39.     AmeriCredit objects to each Request to the extent it seeks the production of documents prematurely, before AmeriCredit has had the opportunity to investigate its claims fully.  Such documents may be provided only at an appropriate time.

40.     A specific reference to a particular General Objection in the response to any of the following Requests is not intended to exclude the application of other General Objections to that response or of the General Objections to other responses.  To the extent that AmeriCredit answers a Request to which it objects, such objections are not waived by the furnishing of information or documents.

41.     By objecting or responding to these Requests, AmeriCredit does not concede the relevancy or materiality of any Request, the response to any Request, or the subject matter thereof.  AmeriCredit's responses are made expressly subject to, and without waiver of, any objections as to competency, relevancy, materiality, privilege, or admissibility as evidence or for

- 8 -

any other purpose in any proceeding. Moreover, a response stating that AmeriCredit will provide documents does not constitute an admission that any information regarding that request for production exists or can be located after a reasonable search, or is known or reasonably available to AmeriCredit.

42.     AmeriCredit reserves the right to supplement and amend these responses when and if it becomes necessary.

43.     AmeriCredit reserves the right to introduce at trial additional documents that may be obtained during future discovery or investigation.

44.     AmeriCredit reserves the right to raise and rely upon such other and further objections as may become apparent during the course of this action, discovery, and/or responding to discovery.

45.     Each of these General Objections is incorporated into AmeriCredit's responses to the individual Requests, as though fully set forth therein. AmeriCredit will not respond to, or produce documents responsive to, the Requests to the extent to which these objections are applicable.

46.     Subject to these General Objections and any specific objections raised below, AmeriCredit will produce all responsive documents at a mutually agreeable time and place.

## RESPONSES & SPECIFIC OBJECTIONS

**Request for Production No. 1: All documents, records, data, recordings and other materials relating to plaintiff or 773-███0323, or which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.**

### Response to Request for Production No. 1:

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the

- 9 -

discovery of admissible evidence because it seeks documents (1) regarding persons other than Plaintiff; (2) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; and (3) containing confidential, personal information concerning persons other than Plaintiff.

Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents relating to calls made by AmeriCredit to 773-█████0323.

**Request for Production No. 2: All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, for each class member including plaintiff.**

**Response to Request for Production No. 2:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; (4) that are not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit also objects to this Request as improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it purports to require AmeriCredit to undertake a burdensome and costly review of every phone call made by AmeriCredit to telephone numbers with area codes from three states since December 20, 2007, without limitation. AmeriCredit further objects to this Request as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence

- 10 -

additional lawsuits against AmeriCredit. AmeriCredit further objects to this Request as premature, as no class has been certified in this case. AmeriCredit also objects to this Interrogatory because the term "automatic dialing systems" is not defined, and is otherwise vague and ambiguous. AmeriCredit further objects to this Interrogatory as premature to the extent it seeks discovery about the putative class, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents relevant to any or all of its affirmative defenses in this case. AmeriCredit will not produce any documents relating to the putative class in response to this Request.

**Request for Production No. 3: All documents, data and other things relating to any person responsive to interrogatories 4 and 5, including but not limited to identifying data, call records, artificial or prerecorded voice used and materials related to prior express consent.**

**Response to Request for Production No. 3:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; (4) that are not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit also objects to this Request as improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it purports to require AmeriCredit to undertake a burdensome and costly review of every phone call made by AmeriCredit to telephone numbers with area codes from three states since December 20, 2007,

- 11 -

without limitation. AmeriCredit further objects to this Request as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to the definition of the term "identify" in Interrogatories Nos. 4 and 5 as impermissibly containing multiple additional subparts. AmeriCredit further objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "Predictive Dialers" as defined in Plaintiff's Requests for Discovery to Defendant. AmeriCredit also objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents responsive to this Request.

**Request for Production No. 4: All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.**

**Response to Request for Production No. 4:**

In addition to the foregoing General Objections, AmeriCredit incorporates the objections contained in each and every response to Plaintiff's interrogatories, requests for production, and requests for admission, as if fully set forth herein. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production.

Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents responsive to this Request.

**Request for Production No. 5: All documents that show policies, practices or procedures for obtaining telephone numbers to contact allegedly delinquent customers.**

**Response to Request for Production No. 5:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because it fails to describe the documents sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Request because the term "policies, practices and procedures" is not defined, and is otherwise vague and ambiguous. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents responsive to this Request.

**Request for Production No. 6: All documents that show policies, practices or procedures for associating telephone numbers with allegedly delinquent customers.**

**Response to Request for Production No. 6:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because it fails to describe the documents sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Request because the terms "associating" and "policies, practices and procedures" are not defined, and are otherwise vague and ambiguous. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, there are no documents responsive to this Request in AmeriCredit's custody, possession, or control.

- 14 -

**Request for Production No. 7: All documents that relate to any policies, practices or procedures regarding requests that telephone calls cease, or notifications that you are calling the wrong person.**

**Response to Request for Production No. 7:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because it fails to describe the documents sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Request because the term "policies, practices and procedures" is not defined, and is otherwise vague and ambiguous. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents responsive to this Request.

**Request for Production No. 8: A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers. A full response would include, for example, deposition testimony, declarations and affidavits.**

**Response to Request for Production No. 8:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because the term "dialers" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, there are no documents responsive to this Request in AmeriCredit's custody, possession, or control.

**Request for Production No. 9: A copy of any complaint (formal or informal), all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.**

**Response to Request for Production No. 9:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope

of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are

confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected

commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit

further objects to this Interrogatory as improper, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does

not use any telephone system that dials numbers without human intervention, and thus does not

use any "Predictive Dialers" as defined in Plaintiff's Requests for Discovery to Defendant.

AmeriCredit also objects to this Request because it seeks information concerning events outside

the period measured by the applicable statute of limitations and the date of the filing of

Plaintiff's Complaint in this lawsuit. AmeriCredit further objects to this Request because the

term "complaint" is not defined, and is otherwise vague and ambiguous.

Subject to and without waiving these objections and all General Objections, AmeriCredit

is not aware of any documents responsive to this Request in its custody, possession, or control.

**Request for Production No. 10: All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.**

**Response to Request for Production No. 10:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as

improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence because it seeks documents (1) that are not relevant to

Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope

of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are

confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected

commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit also

- 17 -

objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "Predictive Dialers" as defined in Plaintiff's Requests for Discovery to Defendant. AmeriCredit further objects to this Request because the term "autodialer" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production.

Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents in response to this Request.

**Request for Production No. 11: All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.**

**Response to Request for Production No. 11:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit also

- 18 -

objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production.

Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents in response to this Request.

**Request for Production No. 12: All organizational charts of defendant showing personnel.**
**Response to Request for Production No. 12:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because the term "organizational chart" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents in response to this Request.

- 19 -

**Request for Production No. 13:** **All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.**

**Response to Request for Production No. 13:**

Subject to and without waiving the General Objections, AmeriCredit states that, at this time, it has not identified any indemnity and/or insurance agreements under which an insurance business may be liable to satisfy part or all of a judgment entered in this action against AmeriCredit, or to indemnify or reimburse AmeriCredit for payments made to satisfy a judgment against AmeriCredit.

**Request for Production No. 14:** **All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling telephone numbers of persons who did not consent, or revoked consent, to be called on their cellular telephones.**

**Response to Request for Production No. 14:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because it fails to describe the documents sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Request because the term "policies, practices and procedures" is not defined, and is otherwise vague and ambiguous. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical

self-analysis privilege, or any other applicable privileges or reasons for non-production.

AmeriCredit also objects to this Request because it seeks information concerning events outside

the period measured by the applicable statute of limitations and the date of the filing of

Plaintiff's Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, AmeriCredit

will produce, pursuant to the terms of a mutually agreeable protective order, documents

responsive to this Request.

**Request for Production No. 15: All documents that relate to this case, including document [*sic*] from third parties without regard to time. Responsive materials would include, for example, responses to subpoenas.**

**Response to Request for Production No. 15:**

In addition to the foregoing General Objections, AmeriCredit objects to this Request as

improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence because it seeks documents which are confidential or

proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial,

financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to

this Request as vague, ambiguous, and unintelligible. AmeriCredit also objects to this Request

because it seeks information concerning events outside the period measured by the applicable

statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

AmeriCredit further objects to this Request to the extent it seeks the production of documents in

the in the possession, custody, or control of any entity or person over which AmeriCredit has no

control.

- 21 -

Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents responsive to this Request.

Dated: March 12, 2012

By: *Chad Fuller /JDS*

Chad R. Fuller
*cfuller@goodwinprocter.com*
Naomi B. Spector
*nspecter@goodwinprocter.com*
**GOODWIN PROCTER** LLP
4365 Executive Drive
San Diego, California 92121
Tel.: 858.202.2700
Fax: 858.457.1255

*Attorneys for General Motors Financial
Company, Inc., Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT**

**GENERAL MOTORS FINANCIAL COMPANY, INC.'S RESPONSE TO PLAINTIFF'S**

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** was served on March 12,

2012, by electronic mail and Federal Express, overnight delivery, upon counsel of record for

Plaintiff, at the following address:

    Alexander H. Burke
    Burke Law Offices, LLC
    155 N. Michigan Ave., Suite 9020
    Chicago, IL  60601
    Tel:    (312) 729-5288
    Fax:    (312) 729-5289



Jeffrey D. Skinner

# Exhibit C

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com


March 16, 2012


*Via Email*

Chad Fuller

Goodwin Procter, LLP

4365 Executive Drive, 3rd Floor

San Diego, CA 92121


Re:     Discovery in *Mack v. Americredit*, 12-cv-9008 (N.D.Ill), Judge Kim


Chad,

　　This comes pursuant to the parties' duty to meet and confer reagarding discovery issues under Fed.R.Civ.P. 37, and Local Rule 37.2. We view Americredit's discovery responses as incomplete and evasive. Not a single document has been produced, and no substantive response to any interrogatory has been provided. There are forty-four "general objections" that are made before each set of responses, some of which obviously do not apply to certain responses. While we realize it is "easier" for defendant to just lump all objections together and say "every objection applies to every response", this is not fair to plaintiff, who needs to assess every specific objection as to the response made. This is why general objections are not effective.  Parties are required to consider each request separately and thoughtfully make objections to each request.  The result of failing to make objections in this manner is waiver. *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 306-07 (N.D.Ill. 1997); *Anglin v. Village of Washington Park*, 2006 WL 1308579, at *1 (S.D.Ill. May 10, 2006); *Sjoblom v. Charter Communications, LLC*, 2008 WL 4276928, at * 3 (W.D.Wis. Jan. 04, 2008).

　　We are also generally concerned with limiting language in responses to document requests. Many of the responses indicate that certain documents will be produced, leaving us to guess what has, and has not been produced. This was likely done with the expectation that we would abandon our full requests, and acquiesce to your client's limitations. Please know

1

that we have not agreed to do this for any requests until confirmed in writing by me, as part of a meet and confer process. Similarly, although no documents at all have been produced yet, I notice that even where Americredit has agreed to produce documents, it qualifies its agreement to do so by saying that it will produce documents responsive to this request. We would like to confirm that this means "all" documents responsive, rather than just "some." Please confirm this. If it is not the case, please tell us, for each request, what has and has not been produced and why.

Furthermore, we are concerned that your client's position about what constitutes "possession, custody or control." The law in this District is that if the party is able to obtain the materials, it is within that party's possession, custody or control. Thus, if a TCPA plaintiff does not have his telephone records, but his cell phone company would provide them if he asked, then that plaintiff should ask. Similarly, if a TCPA defendant can obtain documents concerning its dialer such as call records or descriptions of the dialer from Livevox if it asked, then it should do so. Or if responsive materials are in the possession of counsel they should certainly be produced. Please explain the definition that you used so that we can understand the scope of the production, including what was produced, and what exists and was not produced but maybe should have been.

Finally, with regard to documents: while we did discuss format of document production, problems in other cases suggests that I should clarify that we will not accept production of any document where the searchability/renderable text of the original has been altered or deleted. I think this is covered in our original instructions, but wanted to make sure that it is understood. Please contact me with any questions.

This communication goes through each of the requests, analyzes the response provided, and clarifies or expounds as necessary.

## Information Regarding the Plaintiff

**Interrogatory No.1: Identify all attempted and successful communications (including telephone calls) to and from any telephone number called with reference to any account associated with 773-███0323. Include the number called, the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live), all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used, if any and from where the telephone number was obtained.**

Response to Interrogatory No.1: In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) regarding persons other than Plaintiff; (2) that is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; and (3) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "Predictive Dialers" as defined in Plaintiff s Requests for Discovery to Defendant. AmeriCredit further objects to this Interrogatory to the extent that it purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory because the terms "successful," "equipment," "systems," and "Prerecorded Voice" are not defined, and are otherwise vague and ambiguous. AmeriCredit further objects to this interrogatory as improperly compound in that it contains multiple separate requests.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the collection notes, call records, and documents relating to the equipment used to place calls to 773-███0323, which will be produced pursuant to the terms of a mutually agreeable protective order. Further responding, AmeriCredit states that it obtained the telephone number 773-███0323 from the credit application of an AmeriCredit customer. AmeriCredit further states that any message from AmeriCredit that Plaintiff may have heard stated substantially as follows: "Hello. This is a message from AmeriCredit Financial Services Inc. Please contact our offices at our Toll Free number 1-877-203-5539. Our hours of operation are Monday, Tuesday, and Thursday 8am until 8pm, Wednesday and Friday from 8 until5pm, and Saturday from 8 until 12pm Central Time. Again, our toll free number is 1-877-203-5539."

**Request for Production No.1: All documents, records, data, recordings and other materials relating to plaintiff or 773-███0323, or which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.**

Response to Request for Production No.1: In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents ( 1) regarding persons other than Plaintiff; (2) that

is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; and (3) containing confidential, personal information concerning persons other than Plaintiff. Subject to and without waiving these objections and all General Objections, AmeriCredit will produce, pursuant to the terms of a mutually agreeable protective order, documents relating to calls made by AmeriCredit to 773-███0323.

PLAINTIFF'S POSIITION:  We do not think the dates and times of calls to plaintiff are trade secrets, the revelation of which would place defendant at a competitive disadvantage. Please produce these records right away. Further, experience with this type of case, including experience with Livevox, tells me that we will not understand the collection notes in a way that will enable us to understand them like defendant can. Therefore, although we want the files produced pursuant to document request 1, we also request that defendant please produce a verified chart that shows the information requested.  Document request 1 goes hand-in-hand with this request.

Furthermore, we are puzzled by the qualifying language at the end of the response to document request 1, that documents relating to calls to plaintiff's cell number will be produced. That is only part of the information we requested. We also asked for information regarding the plaintiff, and any account that has anything to do wither her, her cell phone number or any code or designation corresponding to such. We expect that all responsive materials will be produced, not just items that are responsive to Americredit's limiting language.

# Class and Consent Information

PLAINTIFF'S POSIITION:  As Judge Kim mentioned during our initial status, this case is all about consent.  As you know, consent is an affirmative defense, for which defendant bears the burden of proof. That is why our interrogatories really focus on this issue.  I note that defendant raised this issue, along with several others, in its *twenty-three* affirmative defenses to the complaint, none of which have been justified or explained in the discovery responses. While all of our discovery requests are tailored to lead to important information, these requests are the most important to our case.

It is our position that we are entitled to discovery as to Americredit's affirmative defenses. Every court to have considered this issue has agreed with us; after all, we did not raise the issue, you did. There must be some factual basis for each of the affirmative defenses, including consent. . *Donnelly v. NCO Fin. Sys, Inc*., 263 F.R.D. 500 (N.D. Ill. 2009), defendant's Fed.R.Civ.P. 72 objections overruled by, *Donnelly v. NCO Fin. Sys.Inc.*, 09 C 2264, 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) (Guzman, J.) ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December 16, 2008 Order and directs NCO to comply fully with it or face sanctions that may include striking its defenses.");

*Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *5, (N.D.Ill. June 13, 2011) (St. Eve, J); "If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place." Balbarin v. North Star Capital Acquisition, LLC, 2010 U.S. Dist. LEXIS 118992 * 3 (N.D. Ill. Nov. 9, 2010). Other cases, too, hold the same, although they are not on Westlaw or Lexis. I have the motion transcripts if you would like to see them.

At the end of the responses to interrogatories 4 through 8, Americredit states that it will not provide the information requested. We request that it please reconsider in light of this authority. Alternatively, let me know right away if your client stands on its objections.

**Interrogatory No.4: Identify each telephone call to each of the following set of persons:**

**Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you obtained the telephone number called from some source other than the called party, where any call happened on or after December 20, 2007.**

**Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.**

**For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software, for example in tab delimited text files organized by account number.**

**Response to Interrogatory No.4**:

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff s individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit further objects to this Interrogatory as improper, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "predictive dialers" as defined in Plaintiff s Requests for Discovery to Defendant. AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it purports to require AmeriCredit to undertake a burdensome and costly review of every phone call made by AmeriCredit to telephone numbers with area codes from three states since December 20, 2007, without limitation. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests.

AmeriCredit further objects to the definition of the term "identify" as impermissibly containing multiple additional subparts. AmeriCredit further objects to this Interrogatory to the extent that it purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, AmeriCredit states that it will provide no information responsive to this Interrogatory.

**Interrogatory No.5: Identify each telephone call to each of the following set of persons:**

**Persons with Illinois, Indiana and Wisconsin area code telephone numbers, who you or some person on your behalf called on their cell phone using a predictive dialer, where you made at least one such call after you had been notified that you were calling the wrong person, or had received a demand to stop calling, where any call happened on or after December 20, 2007.**

**Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.**

**For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the person actually called (if known) the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call,**

**and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software or Microsoft Access, for example in tab delimited text files organized by telephone number. Please meet and confer with the undersigned to determine the most efficient way of [sic]**

      Response to Interrogatory No.5:   See Response to Interrogatory No.4.

Document Requests 2 and 3 also relate to affirmative defenses:

**2.      All documents that support or refute any affirmative defense in this case or relating to prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, for each class member including plaintiff.**

**3.      All documents, data and other things relating to any person responsive to interrogatories 4 and 5, including but not limited to identifying data, call records, artificial or prerecorded voice used and materials related to prior express consent.**

PLAINTIFF'S POSIITION:  Americredit's responses to these requests are similar to the responses to interrogatories 4 and 5, and states that it "will not produce any documents responsive to this Request," at the end of both of these responses.

**Interrogatory No.6: For each of the persons responsive to interrogatories 4 and 5, identify all facts and circumstances, including the source, whereby you obtained the telephone number called.**

      Response to Interrogatory No.6: See Response to Interrogatory No.4.

**Interrogatory No.7: For each of the persons responsive to interrogatories 4 and 5, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person. Cite to bates numbers.**

**Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.**

      Response to Interrogatory No.7:  See Response to Interrogatory No.4.

**Interrogatory No.8: Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiffs.**

Response to Interrogatory No.8: In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than laintiff; (3) concerning matters beyond the scope ofthe allegations in the Complaint relating to Plaintiff's individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it purports to require AmeriCredit to undertake a burdensome and costly review of every phone call made by AmeriCredit to telephone numbers with area codes from three states since December 20,2007, without limitation. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory to the extent that it purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit further objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents which will be produced pursuant to the terms of a mutually agreeable protective order. AmeriCredit further states that it will provide no information about the putative class in response to this Interrogatory.

PLAINTIFF'S POSIITION: This is an interrogatory asking for identification of documents relating to your affirmative defenses. Production of documents pursuant to Rule 33(d) will leave us guessing where you are coming from. We cannot possibly put the defenses together as well as defendant can, and therefore Rule 33(d) does not apply. Please provide a full response to this interrogatory.

**Interrogatory No.9: Explain the application of law to fact, as to your response to 7 and 8, for each person.**

Response to Interrogatory No.9: See Responses to Interrogatories No.4 and 8.

**Interrogatory No.2: Identify all sources from which you may obtain telephone numbers that may become associated with any particular account, and any policy, practice or procedure relating to such. Some likely examples may be: directly from the consumer, kip trace, incoming call ANI, cross-referencing with other accounts of the same consumer or accounts with same address).**

> Response to Interrogatory No.2: In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the term "become associated with any particular account" is not defined, and is otherwise vague and ambiguous. Subject to and without waiving these objections and all General Objections, AmeriCredit states that it obtained the telephone number 773- █████0323 from the credit application of an AmeriCredit customer.

**Request for Production No. 5: All documents that show policies, practices or procedures for obtaining telephone numbers to contact allegedly delinquent customers.**

PLAINTIFF'S POSIITION: Of course, the standard for "prior express consent," according to the FCC's January 4, 2008 order, is that the phone number must have been given to the caller by the called party. We know that plaintiff did not give her cell phone number to defendant. In issuing interrogatory 2, we are trying to learn from what other sources defendant obtained phone numbers that it loaded into its dialers. Sources we have encountered in the past include: from our customers, from the phone book, from the internet, from skip tracing, from family members, from ANI call capture, and others. It seems as though defendant has taken the position that it does not have to answer any class discovery before certification, which is not the case. Please answer this and all other related interrogatories and document requests.

# Information Regarding the Dialers

**Interrogatory No.3: Identify all of your dialers. Include the make, model, physical location, how they are used, and whether they were used to call either plaintiff's cellular telephone number or any number associated with them or [Shirley] Mack.**

Response to Interrogatory No.3: In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests.

AmeriCredit further objects to this Interrogatory because the term "dialers" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because information about "Julie Mack" is not relevant to this action. For purposes of its response to this Interrogatory, AmeriCredit construes "Julie Mack" to mean Plaintiff Shirley Mack.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents relating to the equipment used to place calls to 773-███0323, which will be produced pursuant to the terms of a mutually agreeable protective order.

PLAINTIFF'S POSIITION:  We appreciate that Americredit is willing to provide information regarding the equipment to call plaintiff, but this is a class action, and we have issued discovery asking about the equipment used to call each class member. Chad, you and I talked about making calls using dialers on the phone during the 26(f) conference.  We are in the dark here about what dialers were used, because you are refusing to produce even the most rudimentary information. Although it mentions Livevox, Americredit does not even expressly state that it used that company to make calls. Please supplement the response, including Livevox, the predictive dialers we discussed on the phone and any other similar equipment.

**Interrogatory No. 10: Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and**

**the complete history of each, including but not limited to honoring cease and desist demands and obtaining telephone numbers from sources other than consumers. Please cite to bates numbers, include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented and ceased, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests. If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.**

Response to Interrogatory No. 10: In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests.

AmeriCredit further objects to this Interrogatory because the terms "policies, practices and procedures" and "automatic dialing systems" are not defined, and are otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. AmeriCredit further objects to this Interrogatory because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiffs Complaint in this lawsuit. AmeriCredit also objects to this Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure andlor the Local Rules of the United States District Court for the Northern District of Illinois.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the policy documents which will be produced pursuant to the terms of a mutually agreeable protective order

**Interrogatory No. 11: Identify all persons (including any third party) and departments involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages. A complete response would include, for example, your communications manager, dialer specialists, any supplier of Dialer software or hardware (e.g. Qwest or Aspect), any person that makes or made calls on your behalf during the class period (i.e. Soundbite or Livexox), your phone company, and any person that supplied voice message services. Include the name, work location, job title, job description and describe all Electronically Stored Information concerning that person, as to dialers and recorded messages, that exists.**

Response to Interrogatory No. 11:  In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff s individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the terms "Dialer," "communications manager," "dialer specialists," and "voice message services" are not defined, and are otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory as overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, without limitation. AmeriCredit further objects to this Request to the extent it seeks information in the possession of any entity or person over which AmeriCredit has no control. AmeriCredit also objects to this Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

Subject to and without waiving these objections and all General Objections, AmeriCredit identifies the following individuals:

Bob Beatty, SVP Corporate Servicing

Sue Macfarlane, A VP Dialer Operations III

Craig Paterson, VP Special Accounts

Further responding, AmeriCredit states that it lacks knowledge or information sufficient to identify responsive persons at Livevox, which is a third party that is unrelated to AmeriCredit.

PLAINTIFF'S POSIITION:  We are not sure, but it appears that you are disclosing that Americredit used a third party dialing company called Livevox to make the calls at issue in this case. Please confirm, and provide a full response to this interrogatory, including contact information for that company and what they do for Americredit.

# Requests Aimed At Willfulness

**Request for Production No.8: A copy of any sworn testimony relating to your dialers, or policies, practices or procedures relating to the use of dialers. A full response would include, for example, deposition testimony, declarations and affidavits.**

Response to Request for Production No.8: In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because the term "dialers" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiffs Complaint in this lawsuit.

Subject to and without waiving these objections and all General Objections, there are no documents responsive to this Request in AmeriCredit's custody, possession, or control.

**Request for Production No.9: A copy of any complaint (formal or informal), all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.**

Response to Request for Production No.9: In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit' s protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "Predictive Dialers" as defined in Plaintiffs Requests for Discovery to Defendant.

AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiffs Complaint in this lawsuit. AmeriCredit further objects to this Request because the

term "complaint" is not defined, and is otherwise vague and ambiguous. Subject to and without waiving these objections and all General Objections, AmeriCredit is not aware of any documents responsive to this Request in its custody, possession, or control.

PLAINTIFF'S POSIITION:  We would like to know what Americredit means "possession custody or control." For example, you, Chad, are defense counsel in at least one other TCPA class action against Americredit. Do you contend that the complaint  for that case is outside your client's possession, custody and control? Please explain why the response to this document request is not an outright lie.

**Request for Production No. 10: All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.**

Response to Request for Production No. 10: In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents ( 1) that are not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit also objects to this Interrogatory as improper, overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and thus does not use any "Predictive Dialers" as defined in Plaintiffs Requests for Discovery to Defendant. AmeriCredit further objects to this Request because the term "autodialer" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiffs Complaint in this lawsuit. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production.

Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents in response to this Request.

**Request for Production No. 11: All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.**

Response to Request for Production No. 11: In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiffs Complaint in this lawsuit. AmeriCredit further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for nonproduction.

Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents in response to this Request.

PLAINTIFF'S POSIITION:  As indicated in the subject heading of this section of my letter, we have asked this information in order to prove willfulness. 47 U.S.C. §227(b)(3). We ask that you please reconsider your position as to whether to produce such documents, because consideration of whether Americredit was making illegal calls clearly bears on willfulness.

# Other Requests

**Interrogatory No. 12: Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiffs and the class members. Include at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.**

**Response to Interrogatory No. 12:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the term "difficult to obtain categories" is not defined, and is otherwise vague and ambiguous.

AmeriCredit also objects to this Interrogatory as overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, without limitation. AmeriCredit further objects to this  Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents which will be produced pursuant to the terms of a mutually agreeable protective order. AmeriCredit further states that it will provide no information about the putative class in response to this Interrogatory.

PLAINTIFF'S POSIITION:  I frankly cannot understand how defendant believes it does not have to provide this type of information regarding ESI. This is stuff that I asked about in our 26(f) conference, and didn't get a concrete answer about. Producing materials pursuant to Rule 33(d) isn't good enough, because it won't come close to answering regarding formatting of defendant's esi. Please supplement with a full response.

**Request for Production No. 12: All organizational charts of defendant showing personnel.**

Response to Request for Production No. 12: In addition to the foregoing General Objections, AmeriCredit objects to this Request as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents (1) that are not relevant to Plaintiffs individual claims or AmeriCredit's defenses; (2) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiffs individual claims; and (3) which are confidential or proprietary in nature, or which otherwise constitute AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. AmeriCredit further objects to this Request because the term "organizational chart" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Request because it seeks information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiffs Complaint in this lawsuit. Subject to and without waiving these objections and all General Objections, AmeriCredit will not produce any documents in response to this Request.

PLAINTIFF'S POSITION:  We are willing to limit this request to persons whose jobs relate to collection of allegedly overdue accounts, and use of a dialer, including the Livevox out-of-house dialer and any other kind of predictive dialer. We think this is a reasonable accommodation. Please let us know.

**Request for Production No. 13: All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.**

Response to Request for Production No. 13: Subject to and without waiving the General Objections, AmeriCredit states that, at this time, it has not identified any indemnity

and/or insurance agreements under which an insurance business may be liable to satisfy part or all of a judgment entered in this action against AmeriCredit, or to indemnify or reimburse AmeriCredit for payments made to satisfy a judgment against AmeriCredit.

PLAINTIFF'S POSITION:  My sense is that there very well may be an insurance policy out there, that hadn't been located by the time this response was drafted. Please seasonably supplement this response.

This is a long letter, but we have a very short discovery period. We request that you discuss these matters with your client by next Wednesday, March 21, 2012, and that the parties meet and confer about them on Thursday the 22nd or Friday the 23rd of March. It seems likely that Americredit will stand on its objections as to several of these issues, including the class and consent materials and information. In that case, I would like to raise this with the Court as soon as possible. Please let me know your availability on March 21 and 22.


Sincerely,


/s/Alexander H. Burke

# Exhibit D

GOODWIN | PROCTER

Chad R. Fuller
858.202.2712
Cfuller@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
4365 Executive Drive
San Diego, CA 92121
T: 858.202.2700
F: 858.457.1255

April 2, 2012

**VIA EMAIL (ABURKE@BURKELAWLLC.COM)**

Alex Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

      Re:    *Mack v. AmeriCredit*, Case No. 12-CV-9008

Dear Alex:

Thank you for your March 16, 2012 letter and for meeting and conferring with us on March 23, 2012. We respond to the issues raised in your letter and our call as follows:

Objections and Limiting Language:

AmeriCredit has not waived and continues to stand on its general objections. The cases cited are readily distinguishable because they involve situations where the defendants relied solely on a general objection as the basis for non-production. By contrast, in addition to general objections, AmeriCredit has included specific objections with each response, including detailed information concerning any refusal to produce documents.

With regard to the document requests, consistent with the Federal Rules, AmeriCredit will make a reasonable and good faith effort to produce responsive documents that are maintained in the usual course of business.

Information Regarding the Plaintiff (Rog. No. 1 and RFP No. 1)

Regarding Rog No. 1, as stated in our responses and discussed during the meet and confer, we will produce documents and supplement our interrogatory responses to include a chart showing the information requested.

With regard to AmeriCredit's response to RFP No. 1, AmeriCredit only has responsive documents relating to calls made by AmeriCredit to 773-■■■-0323.

Class and Consent Information (Rog Nos. 2 and 4-9 and RFP Nos. 2 and 3)

AmeriCredit stands on its objection with regard to Rog. Nos. 4 and 5. These objections are made for the reasons detailed in AmeriCredit's discovery responses and do not involve issues related to consent. Furthermore, as discussed during our meet and confer, even if limited class discovery

2274039

Alex Burke
April 2, 2012
Page 2

were appropriate, AmeriCredit is unable to provide sampling data based on the intended class. As we understand it, the intended class is comprised of all individuals called where AmeriCredit did not obtain the telephone number from the consumer who received the call. The intended subclass is comprised of all of the individuals in the class who also asked AmeriCredit to stop calling. The class information is not readily searchable by AmeriCredit.

Rog. No. 8 requests that AmeriCredit "Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiffs." AmeriCredit has agreed to produce responsive information with regard to plaintiff. Because this case is at a very early stage, and so as to not prematurely limit its claims or defenses, AmeriCredit identifies all documents that will be produced as potentially responsive to this request.

Rog. Nos. 2 and 5 request information about sources from which AmeriCredit obtains telephone numbers. AmeriCredit stands on its response with respect to Rog. No. 2, that it obtained the telephone number 773███0323 from the credit application of an AmeriCredit customer.

## Information Regarding the Dialers (Rog. Nos. 3, 10 and 11)

In response to Rog. No. 3, AmeriCredit states that Livevox and EPRO were used to dial 773-225-0323. In response to the additional information requested pursuant to Rog. No. 11, AmeriCredit reiterates that it lacks sufficient information to identify responsive persons at Livevox and that contact information for that company is equally available to and of no greater burden for plaintiff to obtain. Notwithstanding, AmeriCredit refers plaintiff to the www.livevox.com website.

## Requests Aimed at Willfulness (RFP Nos. 8-11)

In response to your request that AmeriCredit provide a copy of the complaint in any other TCPA class action against AmeriCredit, AmeriCredit responds that this information is equally available to and of no greater burden for plaintiff to obtain. Notwithstanding, AmeriCredit identifies the action currently pending in the U.S. District Court for the Southern District of California, *Newman v. AmeriCredit Financial Services, Inc.*, Case No. 11-CV-3041.

With respect to RFP Nos. 10 and 11, AmeriCredit stands on its objections.

## Other Requests (Rog No. 12, RFP Nos. 12 and 13)

In response to Rog. No. 12, AmeriCredit will supplement its responses to identify responsive sources of Electronically Stored Information ("ESI").

In response to RFP No. 12, this information is the proper subject of an interrogatory request and AmeriCredit has already identified individuals in response to Rog. No. 11. Notwithstanding, AmeriCredit will supplement its responses to provide additional information.

Alex Burke
April 2, 2012
Page 3


In response to RFP No. 13, despite your "sense" otherwise, AmeriCredit stands on its response that it has not identified any relevant indemnity or insurance agreements.

Document Production:

Enclosed please find documents bates numbered AC-MACK 000001 to AC-MACK 000085. Pursuant to our agreement, until a Protective Order is entered in this case, all documents shall be treated as highly confidential and only shared with counsel and persons within their control.


Sincerely,

Chad R. Fuller

2274039

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHIRLEY MACK on behalf of herself and others similarly situated, | ) ) ) | Civil Action No. 1:11-cv-9008 |
| Plaintiffs, | ) ) ) | **DEFENDANT GENERAL MOTORS FINANCIAL COMPANY, INC.'S SUPPLEMENTAL RESPONSE TO** |
| v. | ) ) ) | **PLAINTIFF'S INTERROGATORIES [SET ONE]** |
| GENERAL MOTORS FINANCIAL COMPANY, INC. f/k/a AMERICREDIT CORP., | ) ) ) | Judge Kim (by consent) |
| Defendant. | ) ) | JURY DEMANDED |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and pursuant to a letter from Chad R. Fuller to Alex Burke, dated April 2, 2012, Defendant General Motors Financial Company, Inc., formerly known as AmeriCredit Corp. ("AmeriCredit"), hereby supplements its objections and responses to Interrogatory Nos. 1 and 12 ("Interrogatories") contained in Plaintiff's First Discovery Requests to Defendant propounded by Plaintiff Shirley Mack ("Plaintiff").

## **GENERAL OBJECTIONS**

1. These General Objections are collected in one place in this response for convenience only, so that objections that are generally applicable or that arise repeatedly are not presented *ad nauseam*. These General Objections should be interpreted as appearing in the response to each Interrogatory.

2. These responses are made solely for the purpose of this action. Each response is without waiver or limitation of AmeriCredit's right to object on grounds of competency, relevance, materiality, propriety, privilege, or admissibility for any purpose, and on any other

2279616

grounds, to the use of any documents or information in any subsequent proceeding in, or the trial of, this or any other action.

3.     AmeriCredit objects to each Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.     AmeriCredit objects to each Interrogatory as improper under Fed. R. Civ. P. 26 to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit.

5.     AmeriCredit objects to each Interrogatory as improper, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding persons other than Plaintiff.

6.     AmeriCredit objects to each Interrogatory to the extent that it seeks information concerning matters or issues that are beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims and/or the requirements for class certification on the grounds that such discovery is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.     AmeriCredit objects to each Interrogatory as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information concerning matters or issues that are beyond the scope of (a) the allegations of the Complaint relating to Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class certification.

2

8.     AmeriCredit objects to each Interrogatory to the extent that it seeks information containing confidential, personal information concerning members of the putative class (other than Plaintiff) and/or persons whom AmeriCredit has contacted. AmeriCredit will only agree to produce such information, if relevant, following entry of an appropriate protective order and if otherwise ordered or permitted by applicable law.

9.     AmeriCredit objects to each Interrogatory as overly broad, unduly burdensome, and premature to the extent that it purports to require AmeriCredit to search and/or provide information from voluminous records and files pertaining to individuals other than Plaintiff because no class has been certified in this action.

10.    AmeriCredit objects to each Interrogatory to the extent that it seeks to impose on AmeriCredit the obligations and costs associated with identification of potentially affected persons where such burden properly rests on Plaintiff. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 349-50 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974). AmeriCredit hereby reserves all objections relating to the alleged class, members of the alleged class or class identification, and/or documents or information unrelated to Plaintiff's individual claims.

11.    AmeriCredit objects to each Interrogatory to the extent that it requests the disclosure of information which is in the possession, custody, or control of Plaintiff, which is equally available to Plaintiff as to AmeriCredit, which is available from sources that are more convenient, less burdensome, or less expensive, or which is otherwise in the public domain.

12.    AmeriCredit objects to each Interrogatory insofar as it requests that AmeriCredit respond on behalf of any entity or person other than AmeriCredit, or any entity or person over which AmeriCredit has no control, and to the extent that it seeks information from or with

3

respect to entities or persons, including AmeriCredit, which is not within the possession, custody, or control of AmeriCredit.

13.     AmeriCredit objects to each Interrogatory to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. Information covered by such privileges is not subject to disclosure. Plaintiff's discovery will not be construed to seek such documents and information. Inadvertent disclosure of privileged documents or information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar reason for non-disclosure.

14.     AmeriCredit objects to each Interrogatory to the extent it seeks information which is confidential or proprietary in nature, or which otherwise constitutes AmeriCredit's protected commercial, financial, competitively sensitive, and/or trade secret information. **AmeriCredit will only produce commercially sensitive, confidential, proprietary and/or trade secret information pursuant to the terms of a Protective Order.**

15.     AmeriCredit objects to each Interrogatory as improper to the extent it is imposed for the purpose of identifying current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit.

16.     AmeriCredit objects to each Interrogatory to the extent the terms and/or phrases used therein are vague, ambiguous, undefined, or otherwise fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Interrogatories.

17.     AmeriCredit objects to each Interrogatory to the extent that it seeks information concerning transactions and/or events outside the period measured by the applicable statute of limitations and the date of the filing of Plaintiff's Complaint in this lawsuit.

18.    AmeriCredit objects to each Interrogatory to the extent it fails to describe the information sought with reasonable particularity, and/or is indefinite as to time or scope, and/or seeks information that is not relevant to the individual claims or defenses of the parties in this matter.

19.    AmeriCredit objects to each Interrogatory to the extent it calls for AmeriCredit to furnish information which arose after the filing date of the Complaint or it fails to specify a relevant time period.

20.    AmeriCredit objects to each Interrogatory to the extent it requires AmeriCredit to make an unreasonable investigation at substantial and unnecessary cost.

21.    AmeriCredit objects to each Interrogatory to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, on the grounds that such discovery is overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22.    AmeriCredit objects to each Interrogatory to the extent that it seeks to require AmeriCredit to search and/or restore electronically archived data, including, but not limited to, databases and electronic mail, on the grounds that such discovery is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

23.    AmeriCredit objects to each Interrogatory as overly broad and unduly burdensome to the extent it purports to require AmeriCredit to summarize, describe, or otherwise characterize documents being produced in response to Plaintiff's requests for production of documents. Such documents speak for themselves, and are the best evidence of their contents.

2279616

24.     AmeriCredit objects to each Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to require AmeriCredit to provide information from third parties.

25.     AmeriCredit objects to the instructions and definitions contained in Plaintiff's First Discovery Requests to Defendant and Exhibit A thereto to the extent they are inconsistent with and/or purport to require any act not mandated by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

26.     AmeriCredit objects to Plaintiff's attempt to seek discovery from entities other than AmeriCredit. AmeriCredit's responses are based only upon information and documents in AmeriCredit's custody, possession, or control.

27.     AmeriCredit objects to Plaintiff's definition of the term "Predictive Dialer" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because AmeriCredit does not use any telephone system that dials numbers without human intervention, and this definition therefore encompasses devices that were not used to call Plaintiff.

28.     AmeriCredit objects to Plaintiff's definition of the term "Automated Message" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

29.     AmeriCredit objects to definition of the term "document" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

6

30.     AmeriCredit objects to the definition of the term "you" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

31.     AmeriCredit objects to the definition of the terms "you" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the critical self-analysis privilege, or any other applicable privileges or reasons for non-production. Information covered by such privileges is not subject to disclosure.

32.     AmeriCredit objects to the definition of the term "person" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

33.     AmeriCredit objects to Plaintiff's definition of the terms "identify" and "identification" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

34.     AmeriCredit objects to the definition of the term "communication" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

35.     AmeriCredit objects to the definition of the term "reflects" contained in Exhibit A to Plaintiff's First Discovery Requests to Defendant as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7

36. AmeriCredit objects to each Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois.

37. AmeriCredit objects to each Interrogatory to the extent it seeks information prematurely, before AmeriCredit has had the opportunity to investigate Plaintiff's claims fully. Such information may be provided only at an appropriate time.

38. AmeriCredit objects to each Interrogatory to the extent that such request seeks the disclosure at the present time of the identity of experts or other persons whom AmeriCredit has retained or will retain as medical or scientific consultants in connection with this litigation, whether for testimonial or advisory purposes, or of the substance of such persons' opinions and/or work product or work-in-progress including ongoing research, including but not limited to draft protocols, lab notes, preliminary analyses and preliminary drafts of reports, as such disclosure at this time is premature and/or outside of the scope of information which is discoverable under Fed. R. Civ. P. 26, is not mandated by applicable law, and further is unduly burdensome to AmeriCredit and its expert witnesses, and is neither relevant nor calculated to lead to the discovery of admissible evidence.

39. A specific reference to a particular General Objection in the response to any of the following Interrogatories is not intended to exclude the application of other General Objections to that response or of the General Objections to other responses. To the extent that AmeriCredit answers an Interrogatory to which it objects, such objections are not waived by the furnishing of information or documents.

8

40.     By objecting or responding to these Interrogatories, AmeriCredit does not concede the relevancy or materiality of any Interrogatory, the response to any Interrogatory, or the subject matter thereof. AmeriCredit's responses are made expressly subject to, and without waiver of, any objections as to competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose in any proceeding.

41.     AmeriCredit reserves the right to supplement and amend these responses when and if it becomes necessary.

42.     AmeriCredit reserves the right to introduce at trial additional information that may be obtained during future discovery or investigation.

43.     AmeriCredit hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of this action, discovery, and/or responding to discovery.

44.     Each of these General Objections is incorporated into AmeriCredit's responses to the individual Interrogatories, as though fully set forth therein. AmeriCredit will not respond to, or produce documents responsive to, the Interrogatories to the extent to which these objections are applicable.

## SUPPLEMENTAL RESPONSES AND SPECIFIC OBJECTIONS

**Interrogatory No. 1: Identify all attempted and successful communications (including telephone calls) to and from any telephone number called with reference to any account associated with 773-225-0323. Include the number called, the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live), all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used, if any and from where the telephone number was obtained.**

**Supplemental Response to Interrogatory No. 1:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the

9

discovery of admissible evidence because it seeks information (1) regarding persons other than

Plaintiff; (2) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; and

(3) containing confidential, personal information concerning persons other than Plaintiff.

AmeriCredit also objects to this Interrogatory as improper, overly broad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence because

AmeriCredit does not use any telephone system that dials numbers without human intervention,

and thus does not use any "Predictive Dialers" as defined in Plaintiff's Requests for Discovery to

Defendant. AmeriCredit further objects to this Interrogatory to the extent that it purports to

require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil

Procedure and/or the Local Rules of the United States District Court for the Northern District of

Illinois. AmeriCredit also objects to this Interrogatory because the terms "successful,"

"equipment," "systems," and "Prerecorded Voice" are not defined, and are otherwise vague and

ambiguous. AmeriCredit further objects to this interrogatory as improperly compound in that it

contains multiple separate requests.

Subject to and without waiving these objections and all General Objections, pursuant to

Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the collection notes, call records, and

documents relating to the equipment used to place calls to 773-███0323, which will be

produced pursuant to the terms of a mutually agreeable protective order. Further responding,

AmeriCredit states that it obtained the telephone number 773-███0323 from the credit

application of an AmeriCredit customer. AmeriCredit further states that any message from

AmeriCredit that Plaintiff may have heard stated substantially as follows: "Hello. This is a

message from AmeriCredit Financial Services Inc. Please contact our offices at our Toll Free

number 1-877-203-5539. Our hours of operation are Monday, Tuesday, and Thursday 8am until

8pm, Wednesday and Friday from 8 until 5pm, and Saturday from 8 until 12pm Central Time.

Again, our toll free number is 1-877-203-5539." In addition, AmeriCredit provides the

following information:

| No. called | Date & time | Dialer used | Message | Equip. used | Telep. Co. | How No. obtained |
|---|---|---|---|---|---|---|
| 773 032 | 11/10/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 11/23/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 11/25/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 11/27/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 11/30/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 12/07/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 12/09/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 12/17/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 12/18/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 12/30/09 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 01/04/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 032 | 01/05/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773 | 01/13/10 | Livevox | None | Livevox | Unknown | Credit application of |

11

| No. called | Date & time | Dialer used | Message | Equip. used | Telep. Co. | How No. obtained |
|---|---|---|---|---|---|---|
| 0323 | | | | | | AmeriCredit customer |
| 773-032▮ | 01/14/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 01/18/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 01/19/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 01/20/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 01/26/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 02/03/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 02/09/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 02/17/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit.customer |
| 773-032▮ | 02/18/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 02/23/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 02/24/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 02/26/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-032▮ | 03/03/10 | Livevox | None | Livevox | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 10/03/2011 at 13:19:32 to 13:19:55 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |

2279616

| No. called | Date & time | Dialer used | Message | Equip. used | Telep. Co. | How No. obtained |
|---|---|---|---|---|---|---|
| 773-0323 | 11/02/11 at 20:01:28 to 20:01:55 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 11/09/11 at 18:49:41 to 18:50:23 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 11/12/11 at 14:30:39 to 14:31:20 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 11/19/11 at 15:20:40 to 15:21:23 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 11/30/11 at 18:59:43 to 19:00:22 | EPRO | No answer | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 12/03/11 at 19:31:24 to 19:32:06 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 12/07/11 at 20:31:40 to 20:32:22 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 12/10/11 at 14:21:01 to 14:21:42 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 12/14/11 at 18:37:44 to 18:38:25 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |
| 773-0323 | 12/17/11 at 13:49:50 to 13:50:24 | EPRO | See supra | EPRO | Unknown | Credit application of AmeriCredit customer |

13

2279616

**Interrogatory No. 12:** Identify all categories and sources of Electronically Stored Information, including backups and other difficult to obtain categories, relating to plaintiffs and the class members. Include at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.

**Supplemental Response to Interrogatory No. 12:**

In addition to the foregoing General Objections, AmeriCredit objects to this Interrogatory as improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information (1) that is not relevant to Plaintiff's individual claims or AmeriCredit's defenses; (2) regarding persons other than Plaintiff; (3) concerning matters beyond the scope of the allegations in the Complaint relating to Plaintiff's individual claims; (4) that is not relevant to the requirements of class certification; and (5) containing confidential, personal information concerning persons other than Plaintiff. AmeriCredit further objects to this Interrogatory because it fails to describe the information sought with reasonable particularity and is indefinite as to time and scope. AmeriCredit further objects to this Interrogatory as improper to the extent it is imposed for improper purpose, including to burden, oppress, harass, and/or annoy AmeriCredit, or to identify current or former AmeriCredit customers to join this lawsuit or commence additional lawsuits against AmeriCredit. AmeriCredit also objects to this Interrogatory as improperly compound in that it contains multiple separate requests. AmeriCredit further objects to this Interrogatory because the term "difficult to obtain categories" is not defined, and is otherwise vague and ambiguous. AmeriCredit also objects to this Interrogatory as overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it would require AmeriCredit to search electronically stored data, including but not limited to databases and electronic mail, without limitation. AmeriCredit further objects to this

14

Interrogatory to the extent it is inconsistent with or purports to require AmeriCredit to take measures beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Illinois. AmeriCredit also objects to this Interrogatory as premature, as no class has been certified in this case.

Subject to and without waiving these objections and all General Objections, pursuant to Fed. R. Civ. P. 33(d), AmeriCredit refers Plaintiff to the documents which will be produced pursuant to the terms of a mutually agreeable protective order. AmeriCredit further states that it will provide no information about the putative class in response to this Interrogatory. AmeriCredit further states that information for the account relevant to telephone number 773-225-0323 is generally stored in the following electronic databases: AS/400, Artiva and the Data Warehouse.

Dated: April 13, 2012

By: _____
Chad R. Fuller
*cfuller@goodwinprocter.com*
Naomi B. Spector
*nspector@goodwinprocter.com*
**GOODWIN PROCTER** LLP
4365 Executive Drive
San Diego, California 92121
Tel.: 858.202.2700
Fax: 858.457.1255

*Attorneys for General Motors Financial*
*Company, Inc., Defendant*

2279616

# Exhibit F

**Alex Burke**

| | |
|---|---|
| **From:** | Spector, Naomi <NSpector@goodwinprocter.com> |
| **Sent:** | Thursday, April 05, 2012 11:34 AM |
| **To:** | Alex Burke; Fuller, Chad R; Dawson, Lori |
| **Cc:** | hteplinsky@beermannlaw.com; Dippold, Kristine; Lessman, Christine A |
| **Subject:** | RE: Meet and Confer Tomorrow (Mack v AmeriCredit) |

Alex,

We are not "holding back" responsive information. The reason why the Livevox document was produced while EPRO was not is simply that they are sourced from different departments and one was faster at obtaining documents than the other. Moreover, our April 2, 2012 letter identifies EPRO in response to Interrogatory Nos. 3, 10 and 11. To the extent that any information is redacted or withheld for privilege, we will provide you with a privilege log.

Naomi

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, April 05, 2012 9:23 AM
**To:** Spector, Naomi; Fuller, Chad R; Dawson, Lori
**Cc:** hteplinsky@beermannlaw.com; Dippold, Kristine; Lessman, Christine A
**Subject:** RE: Meet and Confer Tomorrow (Mack v AmeriCredit)

That's fine.

It's good to know your final position as to class and consent information. Thank you. Anything you would like to add (including regarding plaintiff) should be included in your production next week.

Why wasn't EPro initial disclosed, but Livevox was? I expect that all responses next week will have ALL responsive information, not just some of it.

I don't see why we need to schedule another call. You're either going to produce the information and documents, or you're not. As I said during our meet and confer, if you're not producing all information, or are holding back for any reason at all (e.g. privilege), please let me know and produce a log. I'm interested in knowing the justification for failing to disclose one of the ostensibly two dialers your client used to call my lady. If I had not asked, would the second dialer EVER have been disclosed? I wonder...

Alex

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Spector, Naomi [mailto:NSpector@goodwinprocter.com]
**Sent:** Thursday, April 05, 2012 11:13 AM

**To:** aburke@burkelawllc.com; Fuller, Chad R; Dawson, Lori
**Cc:** hteplinsky@beermannlaw.com; Dippold, Kristine; Lessman, Christine A
**Subject:** RE: Meet and Confer Tomorrow (Mack v AmeriCredit)

Alex,

Sorry for the delay in getting back to you on this.

We will provide you with supplemental discovery responses and additional documents early next week.

I am not sure what you mean by a class list and proof of consent. It is our position that the class information is not readily searchable nor is the class ascertainable.

Document number 85 is specific to Livevox calls. Calls were also made by EPRO. We will be producing a spreadsheet next week listing those calls.

Please let me know if you would like to schedule a call to discuss any of these issues.

Thanks,

Naomi

---

**From:** aburke@burkelawllc.com [mailto:aburke@burkelawllc.com]
**Sent:** Monday, April 02, 2012 7:06 PM
**To:** Fuller, Chad R; Dawson, Lori
**Cc:** hteplinsky@beermannlaw.com; Spector, Naomi; Dippold, Kristine; Lessman, Christine A
**Subject:** RE: Meet and Confer Tomorrow (Mack v AmeriCredit)

Okay. I'd guess that there are supplemental interrogatory responses coming. What is the estimated timeframe for the additional stuff.?

Also, what is your client's position as to a class list and proof of consent? I don't see any reference at all to these important issues.
Finally, is document bates number 85 a list of all calls, or just livevox calls? We know that there were a substantial number of calls just before we filed suit in 2012. That document does not show those calls. I think I see some or all of those calls, but they're not in a spreadsheet as requested in our interrogatory.

Alex
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 fax
ABurke@BurkeLawLLC.com

-------- Original Message --------
Subject: RE: Meet and Confer Tomorrow (Mack v AmeriCredit)
From: "Fuller, Chad R" <CFuller@goodwinprocter.com>
Date: Mon, April 02, 2012 6:59 pm
To: "Dawson, Lori" <LDawson@goodwinprocter.com>, "Alex Burke"
<aburke@burkelawllc.com>
Cc: <hteplinsky@beermannlaw.com>, "Spector, Naomi"
<NSpector@goodwinprocter.com>, "Dippold, Kristine"
<KDippold@goodwinprocter.com>, "Lessman, Christine A"

2

<CLessman@goodwinprocter.com>, "Spector, Naomi"
<NSpector@goodwinprocter.com>

BTW Alex,

I have some more docs coming your way, but ███████████████████████████ ███████████████ Anyway, I am drilling on the remaining documents and should get them to you quickly.

Chad

---

**From:** Dawson, Lori
**Sent:** Monday, April 02, 2012 4:56 PM
**To:** 'Alex Burke'
**Cc:** Fuller, Chad R; 'hteplinsky@beermannlaw.com'; Spector, Naomi; Dippold, Kristine; Lessman, Christine A; Dawson, Lori; Spector, Naomi
**Subject:** RE: Meet and Confer Tomorrow (Mack v AmeriCredit)

Counsel:

Please see attached:

Best regards,

Lori Dawson
Sr. Paralegal
**Goodwin Procter LLP**
4365 Executive Drive, 3rd Floor
San Diego, CA 92121
T. 858-202-2715
F. 858-457-1255
ldawson@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Spector, Naomi
**Sent:** Thursday, March 29, 2012 2:24 PM
**To:** 'Alex Burke'; 'Alex Burke'; Fuller, Chad R
**Cc:** 'Howard Teplinsky'; Dippold, Kristine; Dawson, Lori
**Subject:** RE: Meet and Confer Tomorrow

Alex,

We will provide the production on Monday.

Thanks,

Naomi

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, March 29, 2012 2:20 PM
**To:** Spector, Naomi; 'Alex Burke'; Fuller, Chad R
**Cc:** 'Howard Teplinsky'; Dippold, Kristine; Dawson, Lori
**Subject:** RE: Meet and Confer Tomorrow

Naomi,

3

That's fine with respect to the letter coming on Monday. Please email it.

With regard to the protective order, you guys committed to asking your client about the two remaining issues. I recall that the issues are: (1) whether parties can claim information that is in the public domain as confidential (you wanted that ability), and (2) whether it was fair to have third parties who seek the protection of the order automatically submit to the jurisdiction of the Court for discovery purposes (I thought this reasonable; you didn't).

These seem like common sense issues for me. If we can't agree, then we should just file a joint motion and have the judge decide them.

Furthermore, the case should not be held up while the parties squabble about these terms. I have committed in writing to keep documents attorney's eyes only until we have a protective order in place. Please email your production over this evening.

Alex

# Burke Law Offices, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Spector, Naomi [mailto:NSpector@goodwinprocter.com]
**Sent:** Thursday, March 29, 2012 4:10 PM
**To:** Alex Burke; Fuller, Chad R; Alex Burke
**Cc:** Howard Teplinsky; Dippold, Kristine; Dawson, Lori
**Subject:** RE: Meet and Confer Tomorrow

Hi Alex,

We will provide you with a written response and documents on Monday. Unless there is something else on your agenda, I recommend that we schedule another meeting, as necessary, after you receive the letter and production.

With regard to the protective order, we sent you a redlined draft and I believe you had issues with two of our changes. Please let us know where those changes stand.

Thanks,

Naomi

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, March 29, 2012 7:04 AM
**To:** Fuller, Chad R; 'Alex Burke'; Spector, Naomi
**Cc:** 'Howard Teplinsky'; Dippold, Kristine
**Subject:** RE: Meet and Confer Tomorrow

Chad and Naomi,

Following up on our telephone meet and confer last week. You were going to do a written response to my meet and confer letter, and were going to get back to me regarding the protective order. Also, I believe we agreed that you would provide all documents that were withheld for confidentiality reasons, because I agreed to keep such documents attorneys' eyes only until the Court enters a protective order.

What is the status of all of this? I recall that we set a new meeting time, but cannot find my notes and it's not in my calendar.

Alex

# Burke Law Offices, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288

(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Fuller, Chad R [mailto:CFuller@goodwinprocter.com]
**Sent:** Thursday, March 22, 2012 4:35 PM
**To:** Alex Burke; Spector, Naomi
**Cc:** Howard Teplinsky; Dippold, Kristine
**Subject:** RE: Meet and Confer Tomorrow
No Problem Alex.
Kristine, pls calendar, and circulate a call in number.

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, March 22, 2012 2:31 PM
**To:** Fuller, Chad R; Spector, Naomi
**Cc:** 'Howard Teplinsky'
**Subject:** RE: Meet and Confer Tomorrow

I'm sorry. Let's please make it 1:00 central, 11:00am pacific. I have an appointment I didn't see.
Okay?

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Fuller, Chad R [mailto:CFuller@goodwinprocter.com]
**Sent:** Thursday, March 22, 2012 4:27 PM
**To:** Alex Burke; Spector, Naomi
**Cc:** Howard Teplinsky
**Subject:** RE: Meet and Confer Tomorrow
Perfect, thanks.

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, March 22, 2012 2:21 PM
**To:** Fuller, Chad R; Spector, Naomi
**Cc:** 'Howard Teplinsky'
**Subject:** RE: Meet and Confer Tomorrow

That's fine with me.
How about 10:00am your time (noon central)?

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Fuller, Chad R [mailto:CFuller@goodwinprocter.com]
**Sent:** Thursday, March 22, 2012 4:15 PM
**To:** Alex Burke; Spector, Naomi
**Cc:** Howard Teplinsky
**Subject:** RE: Meet and Confer Tomorrow

Can we do it later in the day? I hate 8:00 am conference calls. If its the only time, I'll do it, but it's not my preference at all.

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, March 22, 2012 2:05 PM
**To:** Fuller, Chad R; Spector, Naomi
**Cc:** 'Howard Teplinsky'
**Subject:** RE: Meet and Confer Tomorrow

Yes.

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Fuller, Chad R [mailto:CFuller@goodwinprocter.com]
**Sent:** Thursday, March 22, 2012 4:02 PM
**To:** Spector, Naomi; Alex Burke
**Cc:** Howard Teplinsky
**Subject:** RE: Meet and Confer Tomorrow
Is that 8:00 am Pacific?

---

**From:** Spector, Naomi
**Sent:** Thursday, March 22, 2012 2:01 PM
**To:** 'Alex Burke'
**Cc:** Fuller, Chad R; 'Howard Teplinsky'
**Subject:** RE: Meet and Confer Tomorrow

I believe that works for everyone. I will circulate a dial-in number, thanks.

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Thursday, March 22, 2012 1:56 PM
**To:** Spector, Naomi
**Cc:** Fuller, Chad R; 'Howard Teplinsky'
**Subject:** RE: Meet and Confer Tomorrow

Yes. How about 10:00am central time?

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**From:** Spector, Naomi [mailto:NSpector@goodwinprocter.com]
**Sent:** Thursday, March 22, 2012 3:54 PM
**To:** aburke@burkelawllc.com
**Cc:** Fuller, Chad R; Howard Teplinsky
**Subject:** Meet and Confer Tomorrow
Alex,

Are you available for a meet and confer tomorrow to discuss your discovery letter?

Thanks,
Naomi
Naomi Spector
Goodwin Procter LLP
4365 Executive Drive
San Diego, CA 92121
T. 858.202.2741
F. 858.457.1255
nspector@goodwinprocter.com
www.goodwinprocter.com

**************************************************************

**IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with
requirements imposed by the IRS, we inform you that any U.S. tax advice
contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter
addressed herein.**
*****************************************************************
*********
*****************************************************************
*********

**This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject to the
attorney-client privilege or other confidentiality protections. If you are
not a designated recipient, you may not review, copy or distribute this
message. If you receive this in error, please notify the sender by reply e-
mail and delete this message. Thank you.**
*****************************************************************
*********